BAY AREA HEALTHCARE GROUP, LTD., Individually and d/b/a The Corpus Christi Medical Center—Bay Area, et al., Petitioners,

v.

Deborah Sue McSHANE and James Patrick Mcshane, Individually, and as Next Friends of Maggie Yvonne Mcshane, A Minor, Respondents.

No. 05–1069.

Supreme Court of Texas.

June 8, 2007.

R. Brent Cooper, Diana L. Faust, Cooper & Scully P.C., Dallas, TX, Stephen J. Rodolf, Leslie C. Weeks, Rodolf & Todd, Tulsa, OK, Russell H. McMains, Law Offices of Russell H. McMains, Rick Rogers, Porter Rodgers Dahlman & Gordon, Corpus Christi, TX, A. Scott Johnson, Johnson Hanan Heron & Trout, P.C., Oklahoma City, OK, for Petitioners.

Mark R. Mueller, Max E. Freeman II, Vincent L. Marable III, Kathleen P. McCartan, for Respondents.

Scott P. Stolley, Thompson & Knight, LLP, Dallas, Don Karotkin, Karotkin & Associates, Houston, for Amicus Curiae.

PER CURIAM.

In this medical malpractice case, Deborah Sue McShane and James Patrick McShane, individually and as next friends of their daughter, Maggie Yvonne McShane, sued Bay Area Healthcare Group, Ltd., Columbia Hospital Corporation of Bay Area, and South Texas Surgicare, Inc. (collectively, "Bay Area") to recover for injuries that Maggie allegedly sustained during her birth at a Bay Area Healthcare Group hospital. After a jury found in the hospital's favor, the trial court signed a take-nothing judgment. The court of appeals reversed, holding that the trial court abused its discretion in admitting evidence that two doctors involved in the incident were originally sued by the plaintiffs, but were nonsuited before trial. 174 S.W.3d 908, 912. Bay Area presents several issues on appeal: (1) whether the court of appeals misapplied the Texas Rules of Evidence regarding the admissibility of information in superseded pleadings; (2) whether the court of appeals incorrectly concluded that the error was harmful; and (3) whether the court of

appeals misapplied Texas Rule of Appellate Procedure 44.1. We hold that the trial court did not abuse its discretion in admitting information from the superseded pleadings. Because that issue is dispositive, we do not reach Bay Area's remaining complaints.

By cross-point, the McShanes complain that the trial court allowed an improper impeachment of their expert witness. We hold that the McShanes did not preserve this issue for appellate review and do not reach its merits.

In 1999, Deborah Sue McShane gave birth to Maggie Yvonne McShane. Maggie allegedly sustained injuries during the delivery that left her with brain damage and other physical complications. Deborah and James McShane sued Bay Area and two doctors, Dr. Rothschild and Dr. Eubank, but nonsuited the doctors before trial. The McShanes filed a motion in limine to prevent Bay Area from introducing into evidence the superseded pleadings that listed Rothschild and Eubank as defendants. The trial court denied that motion. At trial, neither party attempted to introduce the superseded pleadings into evidence, but attorneys for both sides discussed Rothschild and Eubank's status during voir dire,[1] and witnesses testified over objection that the McShanes had previously sued Rothschild and Eubank.[2]

---

1. The McShanes' counsel was the first to mention the doctors' party status during voir dire, when he told the veniremembers that a doctor was involved and that his conduct "could have been brought before this Court in this trial" but "both sides have not done that at this trial." Later, in response to a panel member's statement that she knew Rothschild and Eubank, Bay Area's attorney told the panel that the doctors had been sued.

2. Rothschild testified, over objection, as to his party status:

   **Bay Area's attorney:** Now, Doctor, do you recall that Mr. Freeman said he was not

fussing at you? At one time in this case he was fussing at you, was he not? Weren't you sued, originally?

\* \* \*

**Bay Area's attorney:** Tell the ladies and gentlemen of the jury about the claims or the fussing at you that was going on in this case, please.

**Rothschild:** Well, yes. I was sued for $50 million in this case. And my involvement is what you heard it was. I was in my office and I was asked to render emergency aid and I ran to help and did the best I could. It didn't work out. I'm sorry for them.

After a three-week trial, the jury returned a 10–2 verdict in Bay Area's favor, and the trial court signed a take-nothing judgment. A divided court of appeals reversed and remanded, concluding that the trial court abused its discretion by admitting evidence that the McShanes had, at one point, sued the two physicians. 174 S.W.3d at 912. The dissent would have held that the complained-of evidence was merely cumulative and the McShanes had not shown reversible error. *Id.* at 924 (Castillo, J., dissenting).

■■■ The first issue is whether statements from the superseded pleadings were admissible at trial. Evidentiary rulings are committed to the trial court's sound discretion. *Interstate Northborough P'ship v. State,* 66 S.W.3d 213, 220 (Tex. 2001); *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex.1995). Even if a trial court errs by improperly admitting evidence, reversal is warranted only if the error probably caused the rendition of an improper judgment. TEX. R. APP. P. 61.1(a); *Nissan Motor Co. Ltd. v. Armstrong,* 145 S.W.3d 131, 144 (Tex.2004); *Owens–Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex.1998). We review the entire record and require the complaining party to demonstrate that the judgment turns on the particular evidence admitted. *Nissan Motor,* 145 S.W.3d at 144.

■■■ Statements from pleadings, depending on their content, could potentially be excluded as irrelevant or unfairly prejudicial. *See* TEX.R. EVID. 402, 403. The McShanes, however, cannot make this complaint here because their attorney was the first to allude to the doctors' party status by telling the jury panel that a doctor's conduct "could have been brought before this Court in this trial" but "both sides have not done that at this trial." *See McInnes v. Yamaha Motor Corp., U.S.A.,* 673 S.W.2d 185, 188 (Tex.1984) (plaintiff's counsel opened door to plaintiff's alcohol consumption by discussing it during opening statements, thus preventing plaintiffs from complaining on appeal of similar evidence later introduced by the defendant); *see also* W. JEREMY COUNSELLER & CHARLES D. BROWN, HANDBOOK OF TEXAS EVIDENCE § 401.03 (2005) ("A party can make otherwise irrelevant evidence relevant by injecting collateral issues into a lawsuit. This is called 'opening the door.' Once a party opens the door ... the opposing party may offer rebuttal evidence on the collateral issue." (citations omitted)). Moreover, testimony is not inadmissible on the sole ground that it is "prejudicial" because in our adversarial system, much of a proponent's evidence is legitimately intended to wound the opponent. Here, however, we conclude that the information's probative value is not substantially outweighed by the danger of *unfair* prejudice.

> But if you are in a car and see a wreck and you stop to help, you do the best you can and then you get sued for $50 million.
> * * *
> **Bay Area's attorney:** And they said, I think [McShanes' counsel] said he wasn't fussing at Dr. Eubank. Was Dr. Eubank also at one time a party to this case?
> **Rothschild: Yes.**
>
> Eubank discussed his party status twice, first on direct examination:
> **Bay Area's attorney:** Doctor, you were sued in this case weren't you? Eubank: Yes, I was.

> **Bay Area's attorney:** Do you know why you are not sued now?
> **Eubank:** Not really.
>
> Eubank discussed his party status again on cross-examination:
> **McShanes' attorney:** Dr. Eubank, clearly you view us as being on the other side of you here, as being adverse to you. That is, the Plaintiffs; me and Maggie and Mr. Freemen, we are on the other side from you even though you're not in this case as a Defendant, right?
> **Eubank:** Well, you were the one that sued me.

■ The Rules of Evidence govern admissibility of evidence in court proceedings. TEX.R. EVID. 101(b). Bay Area introduced statements from superseded pleadings indicating that the McShanes sued Rothschild and Eubank. Normally, out-of-court statements are excluded as hearsay. *Id.* 801(d) (hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). But because the McShanes made the statements, they are considered admissions by a party-opponent and are not hearsay. *Id.* 801(e)(2) ("A statement is not hearsay if . . . [t]he statement is offered against a party and is . . . the party's own statement. . . ."). Rule 801(e)(2) is straightforward: subject to other Rules of Evidence that may limit admissibility,[3] *any* statement by a party-opponent is admissible against that party. *Id.*

■ Thus, the court of appeals erred in concluding that statements from the pleadings would only be admissible if they contained "some statement relevant to a material issue in the case" that is "inconsistent with the position taken by the party against whom it is introduced." 174 S.W.3d at 920. Before the Rules of Evidence were promulgated, our cases required an inconsistency between the superseded pleading and the party's position at trial. *See Hartford Accident and Indem. Co. v. McCardell,* 369 S.W.2d 331, 337–39 (Tex.1963); *Kirk. v. Head,* 137 Tex. 44, 152 S.W.2d 726, 729 (Tex.1941). But the Rules of Evidence no longer require inconsistency when it comes to admissibility of superseded pleadings. *See* TEX.R. EVID. 801(e)(2) (statements made by a party and offered against that party are admissible). Cases that hold otherwise are distinguishable because they were decided before the

Rules of Evidence became effective in 1983, or they rely on pre–1983 case law without discussing the Rules' effect. *See, e.g., Drake Ins. Co. v. King,* 606 S.W.2d 812, 817 (Tex.1980); *McCardell,* 369 S.W.2d at 337–39; *Kirk,* 152 S.W.2d at 729; *Loy v. Harter,* 128 S.W.3d 397, 407 (Tex.App.-Texarkana 2004, pet. denied) (relying on *Kirk,* 152 S.W.2d at 729); *Huff v. Harrell,* 941 S.W.2d 230, 239 (Tex.App.-Corpus Christi 1996, writ denied) (same). We hold that there is no requirement that the statement be inconsistent with the party's position at trial, and the court of appeals erred in finding the superseded pleadings inadmissible on that basis.

■ By cross-point, the McShanes argue that Bay Area improperly cross-examined their expert witness, Dr. Cardwell, regarding his prior treatment of a patient. The court of appeals held that the McShanes did not preserve the issue for appellate review. 174 S.W.3d at 917. We agree. To preserve error for appellate review, the complaining party must timely and specifically object to the evidence and obtain a ruling. TEX.R.APP. P. 33.1(a); *see also* TEX.R. EVID. 103(a). Error is waived if the complaining party allows the evidence to be introduced without objection. *Richardson v. Green,* 677 S.W.2d 497, 501 (Tex.1984).

Although the McShanes objected to the first question about the prior patient, counsel for Bay Area asked Cardwell multiple subsequent questions to which the McShanes did not object. At a bench conference, the trial court said she would allow Bay Area to question Cardwell about the prior patient's treatment to the extent that his statements concerning that treatment were inconsistent with his trial testimony. Yet Bay Area's cross-examination went well beyond that limitation:

> **Bay Area's attorney:** You've been involved in the case of a gestational dia-

---

3. *See, e.g.,* TEX.R. EVID. 402 (irrelevant evidence is inadmissible); *id.* 403 (otherwise relevant evidence whose prejudicial effect substantially outweighs its probative value may be excluded); *id.* 404 (character evidence is generally inadmissible); *id.* 407 (subsequent remedial measures are inadmissible); *id.* 408 (settlements and offers to settle are inadmissible); *id.* 409 (evidence of liability insurance is inadmissible); *id.* 502–510 (statements protected by various privileges are generally inadmissible).

betic mother carrying one of the major risk factors for macrosomia, and hence shoulder dystocia, and you estimated her weight three days before delivery to be eight pounds, correct?

**Cardwell:** Yes.

**Bay Area's attorney:** And three days later she gave birth to a 10 pound 2 ounce baby, right?

**Cardwell:** Yes. And that was within 25 percent.

**Bay Area's attorney:** Not bad?

**Cardwell:** No.

**Bay Area's attorney:** Off over two pounds, but not bad?

**Cardwell:** Not bad.

**Bay Area's attorney:** In any event, unfortunately this patient with the risk factor that we mentioned and her non-compliance and all those things was left to deliver vaginally this 10 pound 2 ounce infant who sustained shoulder dystocia, fractured clavicle, and nerve damage, correct?

**Cardwell:** I can't comment on that.

**Bay Area's attorney:** Why not?

**Cardwell:** I just cannot comment on that. . . .

The cross-examination continued, and Bay Area's counsel asked numerous, specific questions concerning Cardwell's treatment of the prior patient, to which the McShanes did not object. Of course, a timely requested running objection could have preserved the McShanes' complaint for appeal, but they did not seek such an objection at that time. *See Volkswagen of Am., Inc. v. Ramirez,* 159 S.W.3d 897, 907 (Tex.2004). Therefore, we agree with the court of appeals that the McShanes did not properly preserve this issue for appeal.

For the reasons stated in this opinion, we grant the petition for review and without hearing argument, TEX. R. APP. P. 59. 1, we reverse the court of appeals' judgment and render judgment that the McShanes take nothing. *Id.* 60.2(c).