Affirmed and Memorandum Opinion filed June 12, 2008








Affirmed and Memorandum Opinion filed June 12, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00304-CV

____________

 

PATRICK REINHARDT, Appellant

 

V.

 

JOE WALKER, Appellee

 



 

On Appeal from the 412th
District Court

Brazoria County, Texas

Trial Court Cause No. 36313

 



 

M E M O R A N D U M   O P I N I O N








Patrick Reinhardt appeals from a judgment favoring Joe
Walker.  Walker sued Reinhardt for recovery of repair costs on an airplane that
the two men co-owned.  In the final judgment, the trial court awarded ownership
of the airplane to Walker and ordered Reinhardt to pay Walker $49,968.98 in
damages as well as court costs and post-judgment interest.  In eight issues on
appeal, Reinhardt contends that (1) certain of Walker=s causes of action
were barred by the applicable statutes of limitations; (2) Walker=s claims are
barred by laches and waiver; (3) there is no duty between co-owners to share
costs of repair and restoration; (4) the trial court did not act equitably in
accepting Reinhardt=s abandonment of the plane yet assessing
damages against him for repairs; (5) Walker=s pleadings do not
support claims for equitable relief, detrimental reliance, or implied contract;
(6) there is no evidence of any agreement to repair the plane; (7) there is no
evidence supporting the damages awarded; and (8) Reinhardt is entitled to attorney=s fees.  In a
single cross-issue, Walker contends that the trial court erred in refusing to
award him attorney=s fees.  We affirm.

I.  Background

In the early 1980s, four men, Patrick Reinhardt, Joe
Walker, Ronald Priddy, and Wally Grabbe, entered a partnership to buy a Piper
Warrior airplane.  First Grabbe and then Priddy left the group, leaving only
Reinhardt and Walker.  The plane was last flown in 1989.  Through the years, the
men discussed repairing the plane, and both men worked on the plane as recently
as June 2005.  Later in 2005, Walker sued Reinhardt for breach of the
partnership agreement and breach of an agreement to repair the plane, as well
as for other causes of action.  After a trial to the bench, the court found
that the partnership had terminated by operation of law but found for Walker on
breach of the agreement to repair as well as on other bases.

The trial court made extensive findings of fact, including
the following:








$                  
Patrick
Reinhardt, Joe Walker, Ronald Priddy, and Wally Grabbe formed a partnership
that owned the plane in dispute.  The partnership terminated by operation of
law when Grabbe was removed as a partner in 1987; the three remaining men owned
the plane individually as co-owners.  The terms of the original partnership
included that (1) the plane would be kept in good flying condition; (2) all
costs of ownership would be shared equally; (3) if any partner worked on the
plane, the others would reimburse him for his out-of-pocket expenses; and (4)
the partners were to share equally in the labor or would compensate the other
partners who did more work.  There was no evidence that the partnership was
ever reconstituted after 1987, but the ownership and maintenance agreements
continued.  Although Priddy ceased to have an interest in the plane at some
point in the early 1990s, the agreements between Reinhardt and Walker continued
until August 17, 2006 when Reinhardt filed an amended answer stating that he
abandoned his interest in the plane.

$                  
In the
alternative, even absent express agreement, the parties would have been
obligated to share expenses equally as co-owners.

$                  
The expenses
incurred by Walker and on which judgment is granted were reasonable and
customary.  Reinhardt is obligated to pay Walker half of all expenses Walker
incurred prior to the time he was notified Reinhardt repudiated the agreement
and terminated his ownership interest.

$                  
Walker began
working to restore the plane in late 2004, and in June 2005, Reinhardt paid
Walker $2,100 for work Walker did on the plane.  Repairs continued through the
Fall of 2005 with no financial contribution by Reinhardt.  Walker made demand
on Reinhardt for $17,790.92 on October 28, 2005, and filed suit in late 2005,
but there is no evidence Reinhardt denied his obligations under the agreement
until the amended answer filed August 17, 2006.

$                  
At the same
time that Reinhardt filed the amended answer, he also conveyed his interest in
the plane to Walker.  At trial, Reinhardt Aagreed and stipulated that he had abandoned all interest in
the airplane and had no wish to make any further claim to the plane.@

$                  
In determining
the amount of damages, certain amounts were deducted based on illegible
receipts, items Walker agreed should be deducted, and items with residual
value.  Walker was entitled to reimbursement for his own labor at the rate of
$20 per hour pursuant to the agreement.

$                  
Reinhardt is
estopped from denying responsibility for half of the expenses because he and
Walker expressed their desire to restore the plane in the presence of others,
and Reinhardt reimbursed Walker for his labor as late as June 2005.

$                  
The
fees testified to by Walker=s attorney are reasonable and necessary;
however, Walker=s attorney failed to allocate those fees
between the various claims.

In its judgment, the trial court awarded Walker $33,143.98
for bills, equipment, supplies, and third party labor, and $16,825 for labor
performed by Walker himself.  The trial court further ordered that Walker was
the sole owner of the airplane.  The trial court did not, however, award Walker
attorney=s fees.








II.  Reinhardt=s Appeal

A.  Proof of Agreement

We begin with Reinhardt=s sixth issue
because it goes to the heart of the case and its resolution impacts the
resolution of several other issues.  In his sixth issue, Reinhardt contends
that there was no evidence that he and Walker agreed to repair the airplane and
share in the expenses.  Specifically, Reinhardt argues that while there was
considerable testimony about repairing the plane, there was little evidence of
the details of any agreement to repair, and the  testimony of the co-owners was
not in complete accord regarding the terms of the agreement.  Reinhardt further
complains that the evidence regarding the contract was mostly circumstantial.

The elements required for establishing the existence of
written and oral contracts are the same.  Wal‑Mart Stores, Inc. v.
Lopez, 93 S.W.3d 548, 555 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  Generally, parties form a binding contract when the
following elements are present:  (1) an offer, (2) an acceptance in strict
compliance with the terms of the offer, (3) a meeting of the minds, (4) each
party=s consent to the
terms, and (5) execution and delivery of the contract with the intent that it
be mutual and binding.  Id. at 555-56.  AMeeting of the
minds@ describes the
mutual understanding and assent to the agreement regarding the subject matter
and the essential terms of the contract.  Weynand v. Weynand, 990 S.W.2d
843, 846 (Tex. App.CDallas 1999, pet. denied).  Mutual assent,
concerning material, essential terms, is a prerequisite to formation of a
binding, enforceable contract.  T.O. Stanley Boot Co. v. Bank of El Paso,
847 S.W.2d 218, 221 (Tex. 1992).  In determining the existence of an oral
contract, the court looks to the communications between the parties and to the
acts and circumstances surrounding these communications.  Palestine Water
Well Servs., Inc. v. Vance Sand & Rock, Inc., 188 S.W.3d 321, 325 (Tex.
App.CTyler 2006, no
pet.).  We utilize the well-established standards of review in considering this
challenge to the legal sufficiency of the evidence.  See City of Keller v.
Wilson, 168 S.W.3d 802, 810, 822, 827 (Tex. 2005).








At trial, Walker testified that the agreement between the
original four owners was that everyone was to pay and work an equal share and
that if anyone put in more labor than the others, he would be compensated at
the rate of $20 per hour.  Walker said that after the other members left the
group, he and Reinhardt did not discuss ending the arrangement.  Once they
stopped flying the plane in 1989, Walker and Reinhardt discussed what needed to
be done to make it airworthy again.  Several years went by, during which time,
Reinhardt faced family medical problems.  Eventually, the two began working to
restore the plane.  Walker said that although there was no written contract
between he and Reinhardt, they Aabsolutely@ had an agreement
for each to pay his share of expenses.  Reinhardt never repudiated the
agreement; there was indeed no discussion about ending the agreement at any
point prior to the filing of the lawsuit.  They talked about most repairs
before the actual expenses were incurred.  According to Walker, he and Reinhardt
also discussed on a regular basis that Walker was putting in more time than
Reinhardt, and Walker reminded Reinhardt of their agreement when Reinhardt
began Ano-showing@ for work on the
plane.  On June 21, 2005, Reinhardt agreed that Walker had been putting in more
time and wrote Walker a check for $2,100 for Walker=s additional
labor.

Reinhardt testified that within the last four years prior to
trial, he had worked approximately 100 hours on the plane and made purchases
for the renovation.  He said that both men understood that they would be paying
50 percent of the expenses, and he acknowledged as late as June 2005 that he
had a responsibility to pay for half the expenses.  He said that their Aoperating
agreement@ was that each person would contribute time and money
but that they never agreed that if one owner worked more he would get paid for
his labor.  He denied paying Walker $2,100 for his labor, explaining instead
that the check was for expenses on the plane.  He further said that at some
point he told Walker that Athe plane was beyond economic repair.@








Ronald Priddy, one of the original partners who became a
co-owner with Walker and Reinhardt when Wally Grabbe left the group, testified
that he understood the original agreement continued when Grabbe left, although
he does not recall its being specifically discussed.  Sammy Bingham, Walker=s neighbor,
testified that Walker told him that Walker and Reinhardt were partners in the
ownership of the plane.  Bingham further said that he saw Reinhardt Amessing with@ the plane a few
times within the last four years.

Since both Walker and Reinhardt testified that they had an
agreement to share expenses incurred while working on the plane, there was
clearly sufficient evidence to establish such an agreement.  The men differed
as to whether the agreement included a term requiring reimbursement if one
owner put in additional labor; however, as fact-finder, the trial court was
free to believe Walker=s testimony in this regard (including that
Reinhardt had paid him for labor pursuant to the agreement) and discount
Reinhardt=s.  See, e.g., Tagle v. Galvan, 155 S.W.3d 510,
518 (Tex. App.CSan Antonio 2004, no pet.).  Reinhardt=s testimony that
he told Walker the plane could not be repaired economically, thus supposedly
repudiating the agreement, does not negate formation of the agreement.  Because
we find that there was legally sufficient evidence to support the trial court=s contract
finding, we overrule Reinhardt=s sixth issue.

B.  Limitations

In his first issue, Reinhardt contends that Walker=s Acause of action
for debt and partnership@ is barred by the four-year statute of
limitations contained in section 16.004 of the Civil Practice and Remedies
Code.  Tex. Civ. Prac. & Rem. Code Ann.
' 16.004(a) &
(c).  Specifically, Reinhardt argues that limitations applies because the plane
had not been flown since 1989, and while there had been discussions and some
repairs over the years, there was no agreement between the parties.








To begin with, the trial court found that there was indeed
an agreement between the parties to repair the plane, and we found above that
the evidence was legally sufficient to support this finding.  Additionally,
Reinhardt does not explain how the fact that the plane was not airworthy for a
number of years runs afoul of the statute of limitations.  Walker, Reinhardt,
and Priddy all testified that the terms of their agreement continued after
Grabbe left the partnership.  Walker testified that Reinhardt did not repudiate
the agreement until the present case was filed, and he further stated that
Reinhardt was still performing pursuant to the agreement (by working on the
plane and paying Walker for his additional labor) in June 2005.  Walker=s lawsuit sought
damages incurred after June 2005, when Reinhardt apparently stopped working on
the plane and stopped paying Walker for his additional labor.  With the alleged
breach not occurring until some point after June 2005, and repudiation not
occurring until some point in 2006 after suit was filed, the trial court did
not err in refusing to hold that Walker=s cause of action
was barred by the four year statute of limitations.  Accordingly, we overrule
Reinhardt=s first issue.

C.  Laches and Waiver

In his second issue, Reinhardt contends that because of
Walker=s delay in
bringing suit, Walker is barred by the doctrines of laches and waiver from
recovering any repair or maintenance expenses.  Reinhardt does not cite or
discuss any authority relevant to his laches or waiver arguments.  See
Tex. R. App. P. 38.1(h) (providing that briefs Amust contain a
clear and concise argument for the contentions made, with appropriate citations
to authorities and to the record@).  Accordingly,
these arguments are not properly briefed.  We therefore overrule Reinhardt=s second issue.

D.  Abandonment








In his third issue, Reinhardt contends that the trial court
did not act equitably in accepting his abandonment of the airplane while
holding him liable for repairs.  Except for one general, definitional cite to Tex.
Jur., Reinhardt does not cite or discuss any authority relevant to his
argument.  See Tex. R. App. P. 38.1(h).  We further note that it was
Reinhardt and his counsel who urged the court to accept the abandonment of the
plane and informed the court that the plane had been deeded to Walker. 
Reinhardt may not now complain on appeal that the court granted his request.  Cf.
Tittizer v. Union Gas Corp., 171 S.W.3d 857, 862 (Tex. 2005) (explaining Ainvited error@ doctrine); Keith
v. Keith, 221 S.W.3d 156, 163 (Tex. App.CHouston [1st
Dist.] 2006, no pet.) (same).  Accordingly, we overrule Reinhardt=s third issue.

E.  Duty of Co-Owners and Sufficiency of Pleadings

In his fourth issue, Reinhardt contends that the trial
court erred by holding, in the alternative, that as co-owners of the airplane,
Reinhardt and Walker were obligated to share in the cost of repairs and
maintenance.  In his fifth issue, Reinhardt contends that the trial court=s alternative
holdings of equitable benefit, detrimental reliance, and implied contract were
not supported by Walker=s pleadings.  Because we held above that
the record supports the trial court=s breach of
contract finding, and the judgment is fully supported by that finding, we need
not address the propriety of any of the court=s alternative
findings.  Consequently, we overrule Reinhardt=s fourth and fifth
issues.

F.  Evidence of Damages

In his seventh issue, Reinhardt attacks the legal
sufficiency of the evidence to support the trial court=s damages award. 
Specifically, Reinhardt asserts that (1) Walker was not qualified to testify
that the repairs to the plane were reasonable and necessary, and (2) there was
no specific testimony that the repairs were reasonable or necessary.  We again
utilize the well-established standards of review in considering these attacks
on the legal sufficiency of the evidence.  See City of Keller, 168
S.W.3d at 810, 822, 827.








Concerning Walker=s qualifications, even
assuming expert testimony was required to establish the reasonableness and
necessity of the airplane repairs involved in this case, we find that Reinhardt
did not preserve this argument by raising a proper and timely objection in the
trial court.  See Tex. R. App. P.
33.1(a) (providing that as a prerequisite for presenting a complaint for
appellate review, a party must have raised the complaint in the trial court by
a timely and sufficiently specific request, objection, or motion); Nissan
Motor Co. Ltd. v. Armstrong, 145 S.W.3d 131, 143-44 (Tex. 2004) (holding
issue of expert=s qualifications was not preserved by
objection attacking reliability of expert=s testimony).  In
his brief, Reinhardt cites to a single objection he made during Walker=s testimony,
pointing out that Walker had not been designated as an expert.  The record does
not demonstrate, however, either that the trial court ruled on the objection or
that Reinhardt lodged any additional objections concerning Walker=s qualifications
on damages.  To preserve error for appellate review, the complaining party
generally must timely and specifically object to the evidence and obtain a
ruling each time the evidence is admitted.  Bay Area Healthcare Group, Ltd.
v. McShane, 239 S.W.3d 231, 235 (Tex. 2007) (stating that error is waived
if the complaining party failed to obtain a ruling or allowed the evidence to
be subsequently introduced without objection).[1] 
Accordingly, we find that Reinhardt has not preserved this complaint for our
review.

Concerning the absence of specific testimony stating that
the repairs were Areasonable and necessary,@ we have not in
the past required testimony utilizing such specific words but instead
considered whether the plaintiff has presented sufficient evidence to justify
the finding that the costs at issue were reasonably and necessarily sustained. 
See, e.g., Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co.,
164 S.W.3d 438, 446 (Tex. App.CHouston [14th Dist.] 2005, no pet.). 
Here, while Walker did not specifically use the words Areasonable and
necessary,@ he did testify at length and with considerable
specificity regarding the repair charges, in many cases going item by item,
receipt by receipt.  He further testified that he and Reinhardt discussed most
of the repairs before the expense was incurred.  We find that this testimony,
coupled with the detailed receipts, constituted more than a scintilla of
evidence supporting the trial court=s damages award.  Accordingly,
we overrule appellant=s seventh issue.

 








G.  Reinhardt=s Attorney=s Fees

In his eighth issue, Reinhardt requests that if this court
reverses and renders the trial court=s judgment on the
substantive issues, we also award him attorney=s fees as
presented in the trial court.  Because we affirm the trial court=s judgment on the
substantive issues, this issue has been rendered moot.  Consequently, we
overrule Reinhardt=s eighth issue.

III.  Walker=s Attorney=s Fees

In a single cross-issue, Walker contends that the trial
court erred in refusing to award him attorney=s fees pursuant to
section 38.001 of the Texas Civil Practice and Remedies Code.  Tex. Civ. Prac.
& Rem. Code Ann. ' 38.001.  Although
the trial court found that the fees testified to by Walker=s attorney were
reasonable and necessary, the court expressly declined to award such fees
because Walker=s attorney failed to allocate those fees between his
various causes of action, some of which allowed for recovery of attorney=s fees and some of
which did not.  See generally Tony Gullo Motors I, L.P. v. Chapa, 212
S.W.3d 299, 313-14 (Tex. 2006) (generally requiring allocation of attorney=s fees when a
party raises some claims on which fees are recoverable and some on which they
are not).  Specifically, in addition to the breach of contract cause of action
on which appellant won judgment, the record demonstrates that Walker also
pleaded and attempted to establish the existence and breach of a partnership
agreement, which the trial court found was terminated by operation of law.  A
party cannot recover attorney=s fees for prosecution of a claim on which
it did not prevail.  Stevens v. Anatolian Shepherd Dog Club of Am., Inc.,
231 S.W.3d 71, 77 (Tex. App.CHouston [14th Dist.] 2007, pet. denied).








Appellant argues, under an exception to the general rule,
that the fees could not be properly allocated to each cause of action because
the claims arose from the same factual circumstances and were therefore
inextricably intertwined, citing Aetna Casualty & Surety v. Wild,
944 S.W.2d 37, 41 (Tex. App.CAmarillo 1997, writ denied), et al. 
However, as the Texas Supreme Court recently recognized in Tony Gullo
Motors, the mere fact that claims are based on common facts or are Aintertwined@ does not make all
fees incurred recoverable.  212 S.W.3d at 313-14.  The court further noted that
even when the facts needed to prove separate causes of action are essentially
identical, counsel for the claimant will normally still be required to draft
pleadings for the separate causes and may also be required to perform differing
research and discovery, among other matters.  Id. at 313.  The court
then concluded that Aif any attorney=s fees relate
solely to a claim for which such fees are unrecoverable, a claimant must
segregate recoverable from unrecoverable fees.@  Id. 
Counsel is not required to keep separate records documenting the exact amount
of time spent pleading one claim versus another; rather, counsel could simply
state an opinion as to the percentage of the total time that would have been
spent had the claim for which fees are not recoverable not been part of the
case.  Id. at 314.

Here, while development of some of the facts may have been
the same among the causes of action, it is evident that each claim required, at
a minimum, drafting separate portions of the various pleadings.  Each claim
also probably required separate legal research and possibly separate discovery
requests and responses as well.  Accordingly, we find Walker=s argument that
his causes of action were so intertwined that he was entitled to recover the
entire amount of attorney=s fees to be without merit.  We overrule
his sole cross-issue.[2]


We affirm the trial court=s judgment.

 

/s/      Adele Hedges

Chief Justice

 

Judgment rendered and Memorandum Opinion
filed June 12, 2008.

Panel consists of Chief Justice
Hedges and Justices Fowler and Boyce.









[1]  Interestingly, Reinhardt=s attorney argued at trial that as an owner of the
plane, Reinhardt himself was qualified to testify as to whether certain repairs
performed by a third party were reasonable and necessary.





[2]  Although in his prayer for relief, Walker requested
in the alternative that we reverse and remand the case for reconsideration of
attorney=s fees, he does not set forth any specific argument in
support of a remand.  Accordingly, we decline to reverse and remand the trial
court=s judgment.