**Paula BOLEWARE and Sharnette Hyter, Appellants,**

v.

**U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Structured Asset Investment Loan Trust, 2005–9, Appellee.**

**No. 05–08–01102–CV.**

Court of Appeals of Texas, Dallas.

July 14, 2009.

Rehearing Overruled Oct. 1, 2009.

Valerie Ann Hicks, Dallas, TX, for appellant.

Chalise Stovall, Addison, Robert F. Maris, Maris & Lanier, P.C., Dallas, TX, for appellee.

Before Justices WRIGHT, BRIDGES, and FRANCIS.

### OPINION

Opinion By Justice BRIDGES.

Paula Boleware and Sharnette Hyter appeal from a judgment in a forcible detainer action awarding possession of property to U.S. Bank National Association, as trustee for the structured asset investment loan trust, 2005–9. In two issues, Boleware and Hyter contend the trial court erred in awarding possession of the property to U.S. Bank because the evidence is legally insufficient and against public policy. We overrule Boleware and Hyter's issues and affirm the trial court's judgment.

On August 18, 2005, Hyter purchased the property and executed a deed of trust in the amount of $85,500. The property was sold at a non-judicial foreclosure sale on June 3, 2008. A substitute trustee's deed was executed conveying the property to U.S. Bank. On June 6, 2008, U.S. Bank provided Hyter and any person in possession of the property with written notice to vacate the property. At the time, Boleware was an occupant of the property. When Boleware and Hyter failed to vacate the property, U.S. Bank filed a petition for forcible detainer in a justice of the peace court. U.S. Bank obtained judgment for possession of the property, and Hyter appealed the judgment to the county court at law.

The county court at law conducted a bench trial. U.S. Bank presented three exhibits: (1) the Substitute Trustee's Deed; (2) the Deed of Trust; and (3) the notices to vacate and demand for possession sent to Hyter and all persons in possession of the property. All three exhibits were admitted without objection. Boleware testified at the trial. She asked the trial court to let her stay in the house because she had been living there, she had recently had a baby, and she "would like to buy the house." The trial court awarded judgment for U.S. Bank. This appeal timely followed.

■ In their first issue, Boleware and Hyter contend the evidence is legally insufficient to support the judgment because the exhibits admitted into evidence constituted inadmissible hearsay. However, when the trial court asked whether there were any objections to the admission of the three exhibits, Hyter's attorney replied: "No objection, Your Honor."

■ Error is waived if the complaining party allows the evidence to be introduced without objection. TEX.R.APP. P. 33.1(a); *Bay Area Healthcare Group, Ltd. v.*

*McShane,* 239 S.W.3d 231, 235 (Tex.2007). Because no objection was raised to the admission of the exhibits, Boleware and Hyter have waived the right to complain about the evidence on appeal. We overrule Boleware and Hyter's first issue.

■ In their second issue, Boleware and Hyter contend that, as a matter of public policy, the trial court erred in awarding possession of the property to U.S. Bank. This argument was not raised in the trial court. By failing to raise this argument in the trial court, Boleware and Hyter have failed to preserve this complaint for appeal. TEX.R.APP. P. 33.1(a); *RT Realty, L.P. v. Texas Utilities Elec. Co.,* 181 S.W.3d 905, 918 (Tex.App.-Dallas 2006, no pet.). Accordingly, we overrule Boleware and Hyter's second issue.

We affirm the trial court's judgment.