

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00271-CV

## IN THE INTEREST OF D.P., A CHILD,

### From the 12th District Court
### Leon County, Texas
### Trial Court No. FL-08-482

## MEMORANDUM OPINION

After a jury trial, the trial court entered an order terminating Appellant Michael P.'s parental rights to D.P., his son.[1] Raising two issues, Michael appeals. We will affirm.

We begin with Michael's second issue, which asserts that the evidence is legally and factually insufficient[2] to support the jury's finding that Michael's parent-child relationship with respect to another child had been terminated based on a finding that

---

[1] The parental rights of Lisa, D.P.'s mother, were also terminated, but she has not appealed.

[2] The standards of review for legal and factual sufficiency in termination cases are well-established. *In re J.F.C.,* 96 S.W.3d 256, 264-68 (Tex. 2002) (legal sufficiency); *In re C.H.,* 89 S.W.3d 17, 25 (Tex. 2002) (factual sufficiency).

his conduct was in violation of subsection 161.001(1)(D) or (E) of the Family Code.[3]

In a proceeding to terminate the parent-child relationship brought under section 161.001 of the Texas Family Code, the Department must establish by clear and convincing evidence[4] two elements: (1) one or more acts or omissions enumerated under subsection (1) of section 161.001; and (2) that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001 (Vernon Supp. 2009); *Swate v. Swate*, 72 S.W.3d 763, 766 (Tex. App.—Waco 2002, pet. denied). The factfinder must find that both elements are established by clear and convincing evidence. *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976); *Swate*, 72 S.W.3d at 766.

A court may order termination if a parent has had his parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E) or substantially equivalent provisions of the law of another state. TEX. FAM. CODE ANN. § 161.001(1)(M).

In evidence is a certified copy of an order of termination that terminates the parental rights of Michael to another child, S.P., and that order finds by clear and convincing evidence that Michael knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional

---

[3] Subsections 161.001(1)(D) and (E) provide that a court may order termination if the parent has knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being, or has engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being. TEX. FAM. CODE ANN. § 161.001(1)(D), (E).

[4] Due process requires the petitioner to justify termination of parental rights by "clear and convincing evidence." *Spangler v. Texas Dept. of Prot. & Reg. Servs.*, 962 S.W.2d 253, 256 (Tex. App.—Waco 1998, no pet.). This standard is defined as "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.*

well-being, and engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being. We thus conclude that the evidence is legally and factually sufficient to support the jury's finding that Michael's parent-child relationship with respect to another child had been terminated based on a finding that his conduct was in violation of subsection 161.001(1)(D) or (E) of the Family Code. Issue two is overruled.

In his first issue, Michael asserts that the trial court abused its discretion in the admission of two exhibits that contain hearsay: one is the affidavit of a CPS investigator who investigated the initial report of medical neglect of D.P., and the other is a report to the court by the same investigator. We, like the Department on appeal, will assume that the exhibits were erroneously admitted and will proceed to a harm analysis as to the jury's best interest finding and determine if the error warrants reversal or was harmless.[5]

To warrant reversal, we must conclude that the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1); *Bay Area Healthcare*

---

[5] Nonexclusive factors that the trier of fact in a termination case may use in determining the best interest of the child include:

    (1) the desires of the child;
    (2) the emotional and physical needs of the child now and in the future;
    (3) the emotional and physical danger to the child now and in the future;
    (4) the parental abilities of the individuals seeking custody;
    (5) the programs available to assist these individuals to promote the best interest of the child;
    (6) the plans for the child by these individuals or by the agency seeking custody;
    (7) the stability of the home or proposed placement;
    (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and
    (9) any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). These factors are not exhaustive, and some of the listed factors may be inapplicable to some cases, while other factors not listed may also be considered when appropriate. *C.H.*, 89 S.W.3d at 27.

*Group, Ltd. v. McShane,* 239 S.W.3d 231, 234 (Tex. 2007). "We review the entire record and require the complaining party to demonstrate that the judgment turns on the particular evidence admitted." *McShane,* 239 S.W.3d at 234.

The affidavit and report at issue reflect the following: (1) the Department received a report of medical neglect regarding D.P.; (2) Michael and Lisa were disruptive during D.P.'s removal; (3) the Department took D.P. to a physician, but no medical concerns were noted at that time; (4) Michael has an extensive history with the Department; (5) several of Michael's children live with relatives; (6) in prior cases, Michael failed to participate in services; (7) Michael had convictions of indecency with a child; and (8) D.P. was hospitalized shortly after coming into the Department's care.

If wrongly admitted evidence is merely cumulative of other evidence that was properly admitted, the error is harmless. *See In re C.R.,* 263 S.W.3d 368, 370-71 (Tex. App.—Dallas 2008, no pet.). In this case, not only was the foregoing evidence presented in similar oral testimony, but additional evidence supporting termination was admitted.

D.P. was born at home and was eight months' old at the time of trial. The Department became involved when a physician reported that Lisa had brought D.P. to a clinic several weeks after he was born and, upon a recommendation that D.P. be taken to the hospital, Lisa left the clinic. The Department then removed D.P. for medical neglect. He was later hospitalized for an unexplained fever. When D.P. came into the Department's care, he was developmentally behind; he could not roll over because his shoulder muscles were not developed enough.

D.P. was placed in a foster home with his sibling, S.P., and Michael was not

offered visits with D.P. based on the trial court's finding of aggravated circumstances. There was no evidence that D.P. was bonded to Michael. Paige Scarborough, D.P.'s caseworker, said that D.P. is doing well in his foster placement and is a happy baby. His foster parents are meeting his medical needs. She said that, with D.P., it would have been the fourth time for the Department to offer services to Michael, and that the risks with trying to reunify D.P. with Michael and Lisa included their threats to others, drug use, sexual abuse, and neglect. The Department's last involvement with Michael and Lisa had been only two years prior, with termination as to S.P., and they had not completed services in that case. No relatives were willing or able to provide a placement for D.P. Michael's explanation for why he had not completed services in his prior case, including sex offender therapy, was because the Department had changed its caseworker. C.P., another child, was placed with Michael's father and stepmother, and Michael has not seen C.P. in several years.

Michael's two criminal convictions of indecency with a child were admitted. The victim was the same fourteen-year-old child, and Michael is required to register as a sex offender.

Scarborough said that she did not believe that long-term foster care was a good option for D.P. and that adoption would provide permanence and stability. A Department supervisor testified that adoption would be in D.P.'s best interest. The foster parents are in the process of adopting D.P. Michael offered no evidence that he has changed his pattern of behavior, that he can meet D.P.'s needs, of his parenting abilities, of available services or programs, of his residence or employment, or of future

plans for D.P.

We conclude that not only is the evidence in the two exhibits cumulative, but the other evidence supporting the jury's finding that termination is in D.P.'s best interest is legally and factually sufficient. Accordingly, the admission of the two exhibits was harmless because it did not cause the rendition of an improper judgment. We overrule issue one.

Having overruled both of Michael's issues, we affirm the trial court's order of termination.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed February 24, 2010
[CV06]