Opinion issued May 13, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00083-CV

———————————

Stanley Kubovy D/B/A SKI Imports, Appellant

V.

Carlos
Maldonado,
Appellee



 



 

On Appeal from the County Court at Law No. 4

Harris County, Texas



Trial Court Case No. 912415

 



 

MEMORANDUM OPINION

          Appellant,
Stanley Kubovy, doing business as SKI Imports, challenges the trial court’s
judgment, entered after a bench trial, in favor of appellee, Carlos Maldonado,
in Maldonado’s suit against Kubovy for violations of the Texas Deceptive Trade
Practices and Consumer Protection Act (“DTPA”).[1]  In three issues, Kubovy, who represents
himself pro se on appeal, contends that Maldonado’s DTPA claim is barred by the
statute of limitations, “the statute of limitations on mental anguish is
barred,” and the trial court erred in overruling two objections that he made
during Maldonado’s trial testimony.        

          We
affirm.

Factual and Procedural Background

          In
his petition, which was filed on January 30, 2008, Maldonado alleged that on
October 12, 2005, he took his truck to Kubovy for repairs, and Kubovy’s manager
“agreed to perform engine work” for $1,500 in cash for the parts to be used and
$5,000 in barter credits for the labor to be expended.  Maldonado further alleged that Kubovy “tore
down the engine and left the parts outside in the rain,” “refused to perform
the agreed upon work, asking for additional funds,” and refused to release the truck
to Maldonado.  Maldonado asserted that
Kubovy had “engaged in unconscionable action”[2] “by taking advantage of the
lack of knowledge, ability, experience, or capacity” of Maldonado “to an
grossly unfair degree.”[3]  Maldonado sought “out of pocket expenses” in
the amount of $40,500 as well as damages for loss of use of the truck, lost
profits, repair costs, and mental anguish.

          In
his original answer, Kubovy generally denied Maldonado’s allegations and asserted
the affirmative defense of limitations.  In
a counterclaim, Kubovy alleged that he had performed the work requested, the
truck “still would not run,” he notified Maldonado that he needed to perform
additional work on the truck, Maldonado refused to pay the quoted amounts for
the additional work, and Kubovy stored the truck.  Kubovy sought to recover damages for the
storage fees that he incurred.

          Kubovy
subsequently filed a summary judgment motion, in which he asserted that
Maldonado’s DTPA claims, which were filed on January 30, 2008, are barred by
limitations.  In his response, Maldonado asserted
that there are fact issues on the accrual date of his cause of action.  He attached to his response his affidavit, in
which he testified that in late January 2006, he paid Kubovy $1,500 to “buy
parts.” “[A]pproximately one month later,” Kubovy contacted Maldonado and
stated that he needed more money to fix “additional problems.”  Maldonado refused to pay the additional sums
and demanded the release of his truck.  Kubovy refused to release the truck unless
Maldonado waived all claims, which he refused to do.  Maldonado argued that because this evidence established
that Kubovy made false and misleading representations to him in February to
March 2007, his claims are not time barred. 


          During
Kubovy’s opening statement in the bench trial, he asked the trial court “to
keep in mind” that the underlying facts occurred in October to November 2005.  The trial court, after indicating that it
would not consider the argument,[4] instructed the parties to proceed with trial.

          Maldonado testified that in October
2005 he had towed his truck to Kubovy to “look” for the cause of a “noise.”  In November 2005, he paid Kubovy $1,500, and
he intended to pay for the labor through an organized bartering system.  At some point, Maldonado began to inquire with
Kubovy about when his truck would be ready, and he was told it would be ready
soon.  However, Kubovy never returned the
truck.  In February 2006, Kubovy told
Maldonado to retrieve his truck, but when Maldonado arrived with a tow truck,
he was told he could not take it because other cars were parked next to
it.  Also, at some point between late
2005 and March 2006, Maldonado found the engine to his truck “in pieces”
outside Kubovy’s garage.  Maldonado then
contacted his lawyer, who, on March 22, 2006, wrote Kubovy a letter, in which
he stated, “Since you have not completed repairs and have not released the
vehicle voluntarily, demand is hereby made for immediate release” of
Maldonado’s truck.  Kubovy never released
the truck and demanded that Maldonado sign a release of any claims before he
would do so.  Maldonado refused to sign a
release.  

          In contrast, Kubovy testified that he
had spent eighty-seven hours disassembling Maldonado’s engine, Maldonado owed
him approximately $2,500 for this service, and he would not release the truck
without payment.   After disassembling
the engine, Kubovy discovered that the engine had been previously rebuilt, and he
told Maldonado that the engine was “complete[ly] shot.”  He also suggested that Maldonado get another
used engine from a school bus.  After
this conversation, Kubovy did not see Maldonado for a long time.  At some point later, Maldonado refused to
sign a release that Kubovy had asked him to sign upon the return of his truck, and
Kubovy had the truck stored.  

          The trial court entered judgment in
favor of Maldonado on his DTPA claim and awarded Maldonado $6,650 in damages
and $5,000 in attorney’s fees.  

Limitations

In his first two issues, Kubovy
argues that the trial court erred in proceeding to trial because Maldonado’s
DTPA claim is barred by limitations and “the statute of limitations on mental
anguish is barred.” 

First, in regard to Kubovy’s
challenge to the award of mental anguish damages, we note that the trial court,
in its judgment, did not include an award of mental anguish damages.  Second, we note that Maldonado’s DTPA claim
is governed by a two-year statute of limitations.  See Tex. Bus. & Com. Code Ann. § 17.565
(Vernon 2002).  Although the evidence established
that Maldonado first delivered his truck to Kubovy for repairs in October 2005,
which was more than two years before Maldonado filed his lawsuit, Maldonado
testified that Kubovy made the alleged misrepresentations much later.   The
trial court could have found, based upon Maldonado’s testimony, that the
actionable conduct occurred sometime in February or March 2006.  Thus, Maldonado’s testimony provides some
evidence that when he filed his lawsuit in January 2008, he did so within two
years of the accrual of his DTPA claim.  In
a trial to the court where no findings of fact or conclusions of law are filed,
the trial court’s judgment implies all findings of fact necessary to support
it.  Pharo
v. Chambers County, 922 S.W.2d 945, 948 (Tex. 1996).  Because the trial court did not enter findings
of fact or conclusions of law, we imply a finding by the trial court that the
actionable conduct occurred sometime after January 30, 2006.  Thus, Maldonado’s lawsuit was timely
filed.  Accordingly, we hold that limitations
did not bar Maldonado’s lawsuit and the trial court did not err in allowing the
case to proceed to trial.   

We overrule Kubovy’s first and
second issues.

Evidentiary Issues

In his third issue, Kubovy argues
that the trial court erred in overruling two objections that he made during
trial because the objected to evidence was irrelevant.  Evidentiary rulings are committed to the
trial court’s sound discretion.  Bay Area Healthcare Group, Ltd. v. McShane,
239 S.W.3d 231, 234 (Tex. 2007). A trial court abuses its discretion when it
acts without reference to any guiding rules or principles. Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999).  

Kubovy first complains that the
trial court erroneously admitted Maldonado’s testimony about what Maldonado had
paid for a business sign that was affixed to his truck.  The record reveals that Maldonado offered
this testimony in support of his request for damages on the theory that he was
either temporarily or permanently deprived of using this sign when Kubovy
refused to release the truck to Maldonado. 
Thus, the testimony was relevant on the issue of Maldonado’s
damages.  See Tex. R. Evid.
401.  We hold that the trial court did
not abuse its discretion in admitting this evidence.  

Kubovy next complains that the
trial court overruled his objection of “nonresponsive” to Maldonado’s testimony
about matters discussed in an invoice furnished by Kubovy.  The record reveals that the question at issue,
which was posed by Kubovy, was confusing and contained multiple questions and
comments.   We cannot say based upon the
record that the trial court abused its discretion in overruling Kubovy’s
objection to Maldonado’s answer to this question.

We overrule
Kubovy’s third issue.   

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Hanks, and Bland.

 











[1]
              See Tex. Bus. & Com. Code Ann.
§§ 17.41–.63 (Vernon 2002 & Supp. 
2009).

 





[2]               See id. §
17.45(5) (Vernon Supp. 2009).

 





[3]        Maldonado
also asserted claims for negligent misrepresentation.  





[4]
              The
trial court remarked that Kubovy had
not filed a motion to dismiss on limitations, and Kubovy responded that he had
filed a summary judgment motion, which was set for hearing the following
day.  The trial court then stated, “No,
it can’t be heard prior—I mean, if you didn’t file it
timely.  I mean, if its been on file
since January.  So, no.  On we go.”