

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00016-CV

Matias S. **RUIZ**,
Appellant

v.

Susan Elizabeth **RUIZ**,
Appellee

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. 15-04-00198-CVW
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:       Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Jason Pulliam, Justice

Delivered and Filed:  December 28, 2016

AFFIRMED

This appeal arises out of a divorce proceeding between appellant Matias Ruiz and appellee Susan Elizabeth Ruiz.  In six issues on appeal, Matias asserts the trial court erred by finding the Texas presumption of community property was not overcome or rebutted and Matias did not meet his burden of proof to show tracing to allow a designation of separate property; characterizing certain items as community property; dividing several separate property accounts as community property; and denying admission of a copy of the marriage certificate.  The trial court's judgment is affirmed.

**BACKGROUND**

The parties were married on December 21, 1999, in Saltillo, Mexico. Prior to their marriage, the parties secured a civil marriage application in Mexico. According to the testimony of Mexican law expert David Lopez, at the time a couple obtains a marriage license in Mexico, they must select one of two "regimes" or marriage contracts they wish to regulate their assets. The choices are a community property regime or a separate property regime. Matias and Susan selected the separate property regime.

Susan filed an original petition for divorce in Bexar County on April 22, 2015, and subsequently filed a first amended petition and a second amended petition for divorce on September 10, 2015. In her petition, Susan requested disproportionate division of the community property. In his original counterclaim for divorce, filed on June 24, 2015, Matias alleged he and Susan entered into a premarital agreement defining the parties' rights to their property as separate. A copy of the parties' Mexican marriage certificate, which included the information indicating the parties agreed to a separate property regime but was not signed by the parties, was attached to Matias's pleading as Exhibit A.

At trial, Lopez testified on Matias's behalf and opined that a marriage application is considered a premarital agreement in Mexico. Matias testified he and Susan both signed the marriage application. Susan, however, testified she did not recall signing the marriage application because she was only involved with arranging the actual wedding ceremony and party. According to Susan, the paperwork was handled solely by Matias and she does not remember whether a premarital agreement or property regime selection was discussed with her prior to the wedding. A copy of the marriage application was not offered as evidence; rather, only an unsigned, uncertified copy of the parties' marriage certificate was offered. Lopez testified that in Mexico, the marriage certificate accurately reflected the property regime selection made on the marriage application.

After considering the testimony and evidence, the trial court entered a Final Decree of Divorce. The trial court made the following finding regarding the division of the marital estate:

> The Court finds that the parties elected the separate property regime under their application for marriage in Mexico; however, the Court further finds that Mr. Ruiz has failed to meet his burden of proof to show tracing to allow separate property to be awarded to Mr. Ruiz and further, that he has not overcome the community presumption.

The trial court then listed the division of assets, identifying both community and separate property assets.

This appeal followed.

### ADMISSIBILITY OF MARRIAGE CERTIFICATE COPY

In his sixth issue, Matias contends the trial court erred by refusing to admit a copy of the Ruiz's Mexican marriage certificate.

### *Standard of Review*

An appellate court reviews a trial court's ruling on evidentiary issues for abuse of discretion. *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007). A trial court abuses its discretion when it acts without regard for guiding rules or principles. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). Even if the trial court errs by admitting or excluding evidence, reversal is only appropriate if the error is harmful, that is, the error probably resulted in an improper judgment. *Id*. An appellate court ordinarily will not reverse a judgment because the trial court erroneously excluded evidence when the evidence in question is cumulative or not controlling on a material issue dispositive to the case. *Id*. In determining whether the excluded evidence probably resulted in the rendition of an improper judgment, this court reviews the entire record. *See McShane*, 239 S.W.3d at 234.

**APPLICATION**

During Susan's testimony, Matias offered Exhibit 2, a copy of the Ruiz's Mexican marriage certificate into evidence. The trial court sustained Susan's objection to the certificate, stating, "Unless it is a certified copy, the objection is sustained."

Generally, an original writing is required to prove its content. TEX. R. EVID. 1002. However, a duplicate is admissible to the same extent as the original document unless a question is raised regarding the original's authenticity or circumstances make it unfair to admit the duplicate. TEX. R. EVID. 1003. Further, an original is not required, and other evidence of the content of the document is admissible, if the original is not physically located in Texas. TEX. R. EVID. 1004.

According to Matias, the admission of the certificate was necessary to confirm selection of the separate property regime, which he argues proves the existence of a valid and enforceable premarital agreement between the parties. As discussed below, this court disagrees with Matias's characterization that the unsigned marriage certificate proves the existence of a valid and enforceable premarital agreement between the parties. Although the trial court did not allow admission of the marriage certificate copy itself, the information contained in the certificate was presented to the trial court through witness testimony, and the trial court found in the divorce decree the parties did choose the separate property regime. Therefore, this court concludes the trial court did not abuse its discretion by refusing to admit an uncertified copy of the marriage certificate.

Even if this court were to conclude the trial court erred by refusing admission of the marriage certificate, Matias has not shown the certificate's exclusion probably resulted in the rendition of an improper judgment. According to Matias, the admission of the certificate was necessary to confirm selection of the separate property regime. As noted above, the information

contained in the certificate was presented to the trial court through witness testimony, and the trial court found in the divorce decree the parties did choose the separate property regime. Therefore, this court concludes, if error existed in the exclusion of the marriage certificate, the error was harmless.

Issue six is overruled.

## PROPERTY DIVISION

### *Standard of Review*

An appellate court reviews the trial court's division of the parties' estate for an abuse of discretion. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). To constitute an abuse of discretion, the property division must be manifestly unfair. *O'Carolan v. Hopper*, 71 S.W.3d 529, 531 (Tex. App.—Austin 2002, no pet.). The trial court is not required to divide the estate equally, but must do so in an equitable manner. *Zieba v. Martin*, 928 S.W.2d 782, 790 (Tex. App.—Houston [14th Dist.] 1996, no writ.); *see* TEX. FAM. CODE ANN. § 7.001 (West 2006). The trial court has wide discretion and can take many factors into consideration in making a just and right division of the community property. *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998). However, the trial court has no discretion to divest a spouse of separate property. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 141-42 (Tex. 1977).

### *Application*

Matias's first five issues on appeal relate to the trial court's designation and division of certain assets as community property. Matias specifically complains of the designation and division of the following assets, which Matias identifies as "financial or retirement type" accounts: McCarthy (401k); McCarthy Employee Stock Ownership Plan; Millennium; and Charles Schwab.

Matias asserts the accounts in question were his separate property and the trial court erred by finding Matias did not meet his burden of proof with regard to the tracing of separate property

and divesting him of this separate property. Matias also contends the trial court erred when it found he failed to overcome or rebut the Texas presumption of community property. In support of his position, Matias points to the language of the Final Divorce Decree, which he asserts shows the trial court found the parties' selection of the separate property regime as part of their marriage application in Mexico created an enforceable premarital agreement.

Matias argues that because the parties were married in Mexico, where they chose a separate property regime as part of their civil marriage contract, the Texas community property presumption does not apply and he is not required to utilize any "tracing" principles to demonstrate his property was separate. In response, Susan argues Texas law applies to parties married elsewhere but domiciled in Texas and the trial court's finding of a Mexican civil marriage contract does not overcome the Texas community property presumption.

As a preliminary matter, this court does not agree with Matias that the trial court's finding the parties chose a separate property regime equates to a finding of a valid and enforceable premarital agreement. The marriage certificate, although showing the parties selected a separate property regime, was not signed by the parties, and no signed marriage application was offered. Thus, despite Matias's argument otherwise, the certificate did not meet the requirements of a valid and enforceable premarital agreement under Texas law — even coupled with the expert testimony regarding Mexican law. *See* TEX. FAM. CODE ANN. § 4.002 (West 2006) (providing a premarital agreement must be in writing and signed by both parties).

Matias has presented this court with no case law to support his argument he has no burden to demonstrate the property was separate because the parties were married in Mexico. This court likewise finds no such support and declines to apply such an approach. The divorce was filed in Texas, and the trial court found the parties met the domiciliary and residence requirements of

Family Code section 6.301. Therefore, this court applies Texas law. *See* TEX. FAM. CODE ANN. §§ 1.103, 6.301 (West 2006).

It is well established that all property possessed by either spouse at the dissolution of marriage is presumed to be community. *See* TEX. FAM. CODE ANN. § 3.003 (West 2006); *Garza v. Garza*, 217 S.W.3d 538, 548 (Tex. App.—San Antonio 2006, no pet.) "To overcome this presumption, a party must present clear and convincing evidence that the property is separate." *Garza*, 217 S.W.3d at 548. The party asserting the property is separate must trace and clearly identify what property he claims is separate. *Id.* Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property. *Boyd v. Boyd*, 131 S.W.3d 605, 612 (Tex. App.—Fort Worth 2004, pet. denied). Mere testimony that property is separate, without any tracing of the funds, is insufficient to rebut the community property presumption. *Garza*, 217 S.W.3d at 548. When the character of property is in question, Texas courts have held in favor of the community estate. *Ellebracht v. Ellebracht*, 735 S.W.2d 658, 659 (Tex. App.—Austin 1987, no writ). This is not a divestiture of separate property, but a necessary classification of property as established by the presumption of community property. *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011).

Matias admitted on cross-examination that he could not present a copy of an actual premarital agreement designating division of the parties' assets. Additionally, the record does not contain evidence of the Mexican marriage application, other than the testimony of Matias's expert witness. According to Lopez, however, under the Civil Code of Coahuila, Mexico at the time the parties married, salaries, wages, bonuses, and retirement benefits belonged to the person who earned them under the separate property regime. Matias testified the accounts in question were funded through proceeds of his employment. Lopez additionally testified both on direct and cross-

examination that Mexican courts employed tracing principles to determine which spouse owned assets.

Under Texas law, Matias had the burden of presenting clear and convincing evidence that all assets in question were his separate property. *See Garza*, 217 S.W.3d at 548. Clear and convincing evidence means "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or convictions to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014).

Apart from Matias's testimony, the record contains no evidence indicating the source of the funds, dates of transfers, or any asset tracing by Matias in relation to any of the accounts in question. In the absence of records tracing the source of the funds, Matias's testimony alone does not rise to the level of clear and convincing and is insufficient to overcome the community property presumption. *See Osorno v. Osorno*, 76 S.W.3d 509, 512 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

This court concludes Matias did not satisfy his burden of overcoming or rebutting the community property presumption by presenting a valid and enforceable premarital agreement. Further, this court concludes Matias failed to provide clear and convincing evidence the accounts in question were his separate property. Accordingly, this court concludes the trial court did not abuse its discretion by characterizing the accounts in question as community property and dividing them as such or by finding Matias failed to overcome or rebut the community property presumption.

Issues one through five are overruled.

## CONCLUSION

Based on the forgoing, the trial court's judgment is affirmed.

Jason Pulliam, Justice