**STATE OFFICE OF RISK MANAGEMENT,**
Appellant

v.

**Jerome D. ALLEN, Appellee.**

**No. 05–07–00508–CV.**

Court of Appeals of Texas, Dallas.

March 18, 2008.

Greg Abbott, Attorney General of Texas, David S. Morales, Office of Attorney General, Nelly R. Herrera, Assistant Atty. Gen., Tort Litigation Div., Barbara L. Klein, Assistant Atty. Gen., Austin, TX, for Appellant.

Leslie Casaubon, The Casaubon Firm, L.L.P., Lewisville, TX, for Appellee.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

Opinion by Justice MORRIS.

In this appeal following a jury trial, the State Office of Risk Management challenges the evidence supporting the verdict in favor of Jerome D. Allen. The State contends the trial court erred in admitting hearsay evidence. The State further contends the verdict is against the great weight and preponderance of the evidence. After reviewing the record, we affirm the trial court's judgment.

### I.

Jerome D. Allen was employed as a juvenile correction officer by the Texas Youth Commission. In the course and scope of this employment in March 2004, Allen was injured. The State Office of Risk Management, as the administrator of the Texas Youth Commission's workers' compensation program, accepted as compensable the injuries Allen claimed he sustained to his head and shoulder. The SORM disputed, however, the existence of any injury to Allen's lower back associated with his accident at work. A contested case hearing was held before the Texas

Workers' Compensation Commission to determine whether Allen's compensable injury included his lower back. The hearing officer held in favor of Allen and found that his compensable injury extended to his lower back. The SORM appealed the hearing officer's decision to the appeals panel. The panel also held in favor of Allen and stated the hearing officer's decision "should become the final decision of the Appeals Panel because it would otherwise be affirmed."

The SORM brought this suit seeking judicial review of the appeals panel's decision. The case was tried to a jury and the jury found, as did the hearing officer and appeals panel, that Allen's compensable injury included his lower back. The SORM brings this appeal contending the trial court erred in admitting hearsay evidence and the evidence is factually insufficient to support the jury's verdict.

## II.

■ The SORM's first issue focuses on the trial court's admission into evidence of the decision and order rendered by the hearing officer and affirmed by the appeals panel. The SORM argues that the decision itself is hearsay and, in addition, contains hearsay evidence from two letters excluded by the trial court. According to the SORM, admission of the decision and order was harmful because it was the only written evidence connecting Allen's alleged lower back injury to his on-the-job accident.

■ The inclusion and exclusion of evidence is committed to the sound discretion of the trial court. *See Tex. Dept. of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000). The trial court abuses its discretion only when it acts without reference to any guiding rules or principles. *See E.I. du Pont de Nemours Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex.1995). Even if the trial court errs in admitting evidence, such error requires reversal only if it probably caused the rendition of an improper judgment. *See Nissan Motor Co., Ltd. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004). The complaining party must demonstrate that the judgment turns on the particular evidence admitted. *Id.* An erroneous admission is clearly harmless if it is cumulative of other evidence. *Id.; see also, Able*, 35 S.W.3d at 617. Furthermore, an error in admission is deemed harmless if the objecting party permits the same or similar evidence to be introduced without objection. *See Sauceda v. Kerlin*, 164 S.W.3d 892, 919 (Tex.App.-Corpus Christi 2005, pet. granted, judgmn't vacated w.r.m.).

The specific evidence about which the SORM complains is found in the portion of the decision and order entitled "Background Information." In that section, the hearing officer summarized the evidence presented to him and included statements made in correspondence by Allen's chiropractor, Dr. Wayne Mask, shortly after Allen's accident. The written decision quotes the correspondence as stating that "due to the severity of his low back condition, [Allen] has been advised to avoid employment until 4–22–04." The SORM objected to the admission of Mask's correspondence on the ground that it was hearsay. The objection was sustained. The SORM argues that admitting the order and decision containing quotes from the inadmissible correspondence was harmful error because Mask's letters constituted the only written, medical evidence that Allen complained of lower back pain in the months immediately following his work related accident.

First, we note that the quoted correspondence from Mask is not "the only written, medical evidence" that Allen complained of lower back pain following his

accident at work. The medical records of Allen's primary care physician, Dr. Msonthi Levine, were admitted into evidence without objection. Those records show that in April 2004, several weeks after the incident, Allen sought medical treatment from Levine. In discussing Allen's history, Levine noted that he had not seen Allen in some time and that, in the interim, Allen had been involved in a job-related accident. Levine stated Allen had neck pain with rotation and lower back pain that felt "like needles and pins."

Additionally, the admission of the order and decision was not the only form in which Mask's correspondence was admitted into evidence. The existence and general content of Mask's correspondence was the subject of testimony by the SORM's medical expert, Dr. William Blair. Blair testified on direct examination that he had reviewed Allen's medical records and, in his opinion, Allen did not show signs of a back injury in the months following his accident at work. Blair was asked during cross-examination whether the records he reviewed in forming his opinion included the correspondence from Mask. When he responded that they had, he was asked whether that correspondence indicated that Allen had complained of back pain in April 2004. Blair confirmed that it did.

The SORM argues that there is no indication the correspondence discussed by Blair in his testimony is the same correspondence referred to in the decision and order and deemed inadmissible by the trial court. This argument is not well taken. The only correspondence from Mask in the record is the letters the trial court deemed inadmissible. Furthermore, after Blair testified about the contents of the correspondence, counsel for the SORM objected stating the testimony concerned "records that the Court has already deemed not to be admissible in this case." This objection clearly demonstrates that Blair's testimony was referring to the correspondence discussed in the decision and order and made the subject of the SORM's complaint on appeal. The trial court overruled the SORM's objection to Blair's testimony and the SORM does not challenge that ruling on appeal.

Based on the foregoing, it is clear that, even if the trial court erred in admitting the hearing officer's decision and order, the portion of the decision discussing Mask's correspondence was not harmful to the SORM. The evidence was cumulative of other evidence presented. *See Nissan*, 145 S.W.3d at 144. And the same evidence was substantively presented through the testimony of the SORM's expert medical witness.

To the extent the SORM complains that admission of the remainder of the decision and order discussing Allen's medical history was erroneous, we similarly conclude that any error in admission was harmless. The background information contained in the decision and order was also set forth in the medical records admitted at trial. Allen's counsel did not emphasize the content of the decision and order to the jury. *See id.* (in determining harm we look at efforts made by counsel to emphasize erroneous evidence). And the SORM has failed to show that the judgment turned on the admission of the decision and order. *See id.* We resolve the SORM's first issue against it.

■ In its second issue, the SORM contends the jury's verdict is against the great weight and preponderance of the evidence. As the plaintiff at trial, the SORM had the burden to prove by a preponderance of the evidence that Allen's compensable injury did not extend to and include his lower back pain. The SORM argues the evidence is factually insufficient to support the jury's finding against it.

When reviewing a finding for factual sufficiency, we consider all of the evidence and will set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (per curiam).

The evidence presented at trial showed that Allen was employed as a correction officer for the Texas Youth Commission. As part of his employment, Allen was required to undergo a physical examination and engage in training that included instruction on restraint techniques and hand-to-hand combat. Allen testified he passed his examination and had no problems performing the physical training.

The events surrounding Allen's on-the-job injury are undisputed. While attempting to restrain a student, a fellow corrections officer came to his assistance resulting in both Allen and the student being knocked to the ground. As he fell, Allen hit his face and shoulder on the edge of a metal table and the student fell on top of him. Allen lost consciousness and awoke with blood in his mouth. Allen went to the emergency room where he was treated and sent home.

Allen testified at trial that the first time he sought treatment from Dr. Mask for his injuries he told Mask he was having problems with his head, shoulder, and lower back. Allen stated that Mask treated his lower back in his first appointment but did not do so afterwards because treatment for Allen's lower back was not approved by the workers' compensation carrier. According to Allen, he then began seeing Dr.

Levine, his primary care physician, to obtain treatment for his back. Allen later saw other doctors for pain management and other treatments to his neck, shoulder, and back.

The SORM presented evidence that Allen had injured his back earlier in 1998 and again while working at a home improvement store sometime in late 2002 or early 2003. Allen was diagnosed at that time by Levine as having a herniated disk and osteoarthritis. Allen was treated by Levine for this condition until June 2003. The SORM contends this evidence indicates that Allen's alleged back pain was merely a continuation of a chronic condition rather than caused by his injury at work. Allen testified at trial, however, that, at the time he began working as a corrections officer, he was on no medication and was receiving no treatment for his lower back. He also passed his physical examination and successfully completed his training. Levine's medical records indicate that after the incident at work, Allen complained of lower back pain that felt like needles and pins. Allen testified that he never had those symptoms before the incident.[1] Even if Allen had a pre-existing condition affecting his lower back, the aggravation of a pre-existing condition is a compensable injury. *See State Office of Risk Management v. Escalante*, 162 S.W.3d 619, 624 (Tex.App.-El Paso 2005, pet. dism'd).

The SORM also presented the testimony of its medical expert, Dr. Blair. Blair testified that, in his opinion, Allen's medical records did not indicate Allen had suffered an injury to his lower back in March

---

1. The SORM contends this testimony by Allen is not properly before us because counsel for SORM objected to a question preceding the statement as being leading and the trial court sustained the objection. We disagree. The objection made was to the form of the question asked, not the admissibility of the testimony. Furthermore, the objection was not made until after the question had been answered. Finally, counsel for SORM did not request the trial court to instruct the jury to disregard the answer, nor did she move to strike the evidence from the record.

2004. Blair conceded he never personally examined Allen and that he relied entirely on the records of Allen's treating physicians. As support for Blair's conclusion, the SORM points to the fact that the majority of Allen's medical records from the months immediately following the accident fail to mention any back pain or injury. As noted above, however, Allen testified he was unable to receive treatment for his back pain at that time because coverage for a back injury had been denied.

After reviewing all the evidence in the record, we conclude the evidence is factually sufficient to support the jury's verdict in favor of Allen. We resolve the SORM's second issue against it. We affirm the trial court's judgment.