NUMBER 13-06-473-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


FRANCES T. MOORE AND

AARON MOORE, Appellants,


v.



MICHAEL K. TIDWELL D/B/A 

EXXON FOOD MART, Appellee.

 


On appeal from the 107th District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez
 

 In this slip-and-fall case, a jury found in favor of the defendant/appellee, Michael K.
Tidwell d/b/a Exxon Food Mart ("Tidwell"). In two issues, appellants Frances T. Moore and
Aaron Moore (1) contend the trial court: (1) failed to enforce its own pre-trial order, which
prohibited Tidwell's expert, Edmundo R. Gonzalez, Jr., from testifying as to a specific
matter; and (2) abused its discretion by permitting Gonzalez to testify as an expert witness. 
We affirm.

Background 


 Moore alleged that while purchasing gas at Tidwell's convenience store, she tripped
and fell on uneven concrete pavement near the gas pumps. (2) Moore sued Tidwell for
premises liability, alleging that the uneven pavement presented an unreasonably
dangerous condition. At a pre-trial hearing, visiting Judge Joaquin Villarreal (3) heard
arguments on Moore's motion to exclude Gonzalez's testimony as Tidwell's expert on
grounds that Gonzalez was not qualified as an expert, and his testimony was therefore
unreliable and presented a risk of misleading and confusing the jury. Judge Villarreal ruled
that Gonzalez was prohibited from testifying as to whether the premises "presented an
unreasonably dangerous condition," but could testify as to all other relevant matters.

 At trial, Moore's counsel re-urged a "Robinson challenge" to Gonzalez's testimony. (4) 
The trial judge stated that he would "carry the previous orders of the Court regarding the
motion." After a brief argument from Moore's counsel, the court denied the motion.

 By her first issue, Moore contends that by permitting Gonzalez to testify as an
expert, the trial court violated its earlier order. By her second issue, she contends that the
trial court abused its discretion in permitting Gonzalez's testimony.

Standard of Review and Applicable Law 


 A trial court's ruling on an expert's qualifications is reviewed under an abuse of
discretion standard. (5) "A trial court abuses its discretion if it acts in an arbitrary or
unreasonable manner without reference to any guiding rules or principles." (6) An appellate
court may not reverse for abuse of discretion simply because it would have decided the
matter differently. (7) 

 Even if a trial court errs by improperly admitting evidence, reversal is warranted only
if the error probably caused the rendition of an improper judgment. (8) To make this
determination, we review the entire record and require the complaining party to
demonstrate that the judgment turns on the particular evidence admitted. (9) As the supreme
court has explained: Clearly, erroneous admission is harmless if it is merely cumulative. But
beyond that, whether erroneous admission is harmful is more a matter of
judgment than precise measurement. In making that judgment, we have
sometimes looked to the efforts made by counsel to emphasize the
erroneous evidence and whether there was contrary evidence that the
improperly admitted evidence was calculated to overcome. (10)


 Furthermore, an error in admission is deemed harmless if the objecting party
permits the same or similar evidence to be introduced without objection. (11) 

Analysis 


 Here, Moore contends the trial court reversibly erred in permitting Gonzalez to testify
that he did not consider the uneven pavement a hazard. However, even if we assume,
without deciding, that the trial court abused its discretion in permitting Gonzalez's
testimony, Moore has not demonstrated that the judgment turned on Gonzalez's testimony. 
The only discussion of the harm issue appears in Moore's reply brief. Citing Robinson (12)
and Gammill v. Jack Williams Chevrolet, Inc., (13) Moore asserts that Gonzalez's testimony
was not merely cumulative, but "was controlling on a dispositive issue[,] namely Question
No. 1 of the Charge of the Court." (14) Moore states, "Mr. Gonzalez was the only expert who
testified on that issue [Question No. 1, the negligence of each party]. Consequently, the
admission of Mr. Gonzalez's testimony caused the rendition of an improper judgment."

 We first note that the record of the entire trial is not before us. The trial record
before us begins with the testimony of Tidwell's witnesses; it includes the testimony of (1)
Elizabeth Mejia, an employee of the convenience store, (2) Gonzalez, and (3) Tidwell. It
does not include the testimony of any witnesses presented by Moore. We are thus unable
to review the entire record. (15) We are also unable to determine "whether there was contrary
evidence that the improperly admitted evidence was calculated to overcome." (16) 

 We also note that on direct examination by the defense, Gonzalez declined to
expressly state his opinion as to whether the uneven pavement presented an unsafe
condition:

Q [by Tidwell's counsel]: What opinions do you have in relation to whether
or not the premises were safe in connection with your inspection?


[Moore's counsel]: Your Honor, I object. I'm making the same argument as
to this gentleman is not qualified to give any opinions about whether the
conditions were safe or not safe.


[Court]: It'll be overruled.


A [Gonzalez]: Basically what I saw there is fairly common in an area like
ours.


 . . . .


Q [Tidwell's counsel]: How--after your inspection, what is your opinion as
to whether or not this presented a typical hazard to a customer?


[Moore's counsel]: Your Honor, same objection.


[Court]: It'll be overruled.


A: Well, like I just stated, especially for concrete slabs, it's a common
occurrence.


 On cross-examination, Moore's counsel asked Gonzalez directly about his opinion
regarding whether the area was not hazardous:

Q [Moore's counsel]: And when you met and talked with [Tidwell's
attorneys], did you give them the opinion that you thought that this area was
not hazardous?


A [Gonzalez]: That is correct. 


 We also note that the record includes numerous photographs of the uneven
pavement, which the jury was able to consider in making its determination. 

Conclusion 


 Assuming, without deciding, that the trial court abused its discretion in admitting
Gonzalez's testimony, we conclude that Moore has failed to demonstrate that the judgment
turned on Gonzalez's testimony. (17) We overrule both of Moore's issues.

 We affirm the trial court's judgment. 




 

 LINDA REYNA YAÑEZ,

 Justice






Memorandum Opinion delivered and filed 

this the 22nd day of January, 2009.



 
1. Appellant, Frances T. Moore, alleged she suffered injuries when she tripped and fell on uneven
pavement at Tidwell's convenience store. Throughout this opinion, we refer to Frances T. Moore as "Moore." 
2. Gonzalez's testimony at trial established that the uneven pavement measured between one-fourth
of an inch and seven-eighths of an inch. 
3. The Honorable Benjamin Euresti, presiding judge of the 107th District Court in Cameron County,
Texas, presided over the trial. The Honorable Joaquin Villarreal, visiting judge, ruled on Moore's motion to
exclude Gonzalez's testimony.
4. See generally E.I. du Pont de Nemours & Co., Inc. v. Robinson, 923 S.W.2d 549 (Tex. 1995).
5. Broders v. Heise, 924 S.W.2d 148, 151 (Tex. 1996). 
6. Bowie Mem'l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002); Broders, 924 S.W.2d at 151.
7. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985).
8. Tex. R. App. P. 44.1(a)(1); Bay Area Healthcare Group, Ltd. v. McShane, 239 S.W.3d 231, 234 (Tex.
2007); Nissan Motor Co. v. Armstrong, 145 S.W.3d 131, 144 (Tex. 2004). 
9. McShane, 239 S.W.3d at 234; Nissan, 145 S.W.3d at 144. 
10. Nissan, 145 S.W.3d at 144 (citations omitted). 
11. State Office of Risk Mgmt. v. Allen, 247 S.W.3d 797, 799 (Tex. App.-Dallas 2008, no pet.). 
12. Robinson, 923 S.W.2d at 553. 
13. Gammill v. Jack Williams Chevrolet, Inc., 972 S.W.2d 713, 722 (Tex. 1998). 
14. In answering Question No. 1, the jury found Tidwell was not negligent, and that Moore was
negligent. 
15. See McShane, 239 S.W.3d at 234; Nissan, 145 S.W.3d at 144. 
16. Nissan, 145 S.W.3d at 144. 
17. See McShane, 239 S.W.3d at 234; Nissan, 145 S.W.3d at 144.