**Opinion filed August 1, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00047-CV

_____

## IN THE INTEREST OF A.M.J., A CHILD

---

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM 63,581**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of A.M.J. The father appeals. He presents two issues: one in which he complains of the admission of hearsay and one in which he challenges the sufficiency of the evidence to support the best interest finding. We affirm.

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2018). To terminate parental rights, it must be shown by clear and convincing evidence that the parent

has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that the father had committed four of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (N), and (O). Specifically, the trial court found that the father had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being, that the father had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being, that the father had constructively abandoned the child, and that the father had failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child. The trial court also found, pursuant to Section 161.001(b)(2), that termination of the father's parental rights would be in the best interest of the child.

On appeal, the father challenges the legal and factual sufficiency of the evidence with respect to the trial court's best interest finding. To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis.

*Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The Department of Family and Protective Services received an intake that included allegations of drug abuse, domestic violence, and physical neglect of the child[1] by the father. The child was removed from the father's home after an investigation by the Department. At that time, A.M.J. was two years old. The family was living in deplorable conditions. The father's house had no running water, and the toilet was three-fourths full of solid waste. Wiring inside the house was exposed. Dirty clothes were strewn about everywhere. Four children and two adults were sleeping in the same bedroom, where there were two mattresses on the floor, because that was the only room in the house that was heated. In the room next to the bedroom, the roof was partially caved in. Also, there were lots of random people in and out of the home, and A.M.J.'s mother indicated that "they were involved in

---

[1]We note that three other children—eleven-year-old I.A.V., ten-year-old R.A.J., and nine-year-old C.N.J.—were also removed from the father's home. A.M.J. has the same father as, but a different mother than, the other three children. Those three children are the subject of the appeal in Cause No. 11-19-00044-CV.

drugs." Furthermore, although the father denied it, other evidence indicated that he was violent and engaged in domestic violence.

The father had been involved with the Department in the past. The father admitted to having problems with alcohol and marihuana and said that he could not stay clean long enough to maintain a job. At the time of the removal, the father was arrested based on a warrant for failure to appear that was related to a charge of felony driving while intoxicated. At the time of trial, the father had pleaded true to a motion to revoke the felony DWI and was in jail due to a pending charge of forgery of a financial instrument. The father had no idea how long he would be incarcerated. The father admitted to a "small" criminal history, including drug possession and several DWIs; he denied that his criminal history included burglary. He testified that he had been arrested for the possession of cocaine but said that marihuana was his drug of choice. While this case was pending, the father tested positive for methamphetamine. Between the time of removal and the time of trial, the father had visited A.M.J. only about six times, and he had not seen her in approximately five months.

When A.M.J. was removed, the Department could not find a suitable family member that was available as a placement. The father was ordered by the trial court to comply with the provisions of his family service plan so that A.M.J. could be returned to him; the father did not do so. A.M.J. was placed in a foster-to-adopt home and was doing very well there.

The Department's goal for A.M.J. was the termination of both parents' parental rights and adoption by the foster parents. The Department believed that termination of both parents' rights would be in A.M.J.'s best interest. The child's guardian ad litem, a CASA volunteer, recommended that the trial court terminate both parents' parental rights and leave A.M.J. in the foster-to-adopt home.

4

In his second issue, the father challenges the legal and factual sufficiency of the evidence to support the trial court's best interest finding. We note that the trier of fact is the sole judge of the credibility of the witnesses at trial and that we are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *J.P.B.*, 180 S.W.3d at 573. We have considered the record as it relates to the desires of the child (who was too young to express a desire), the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of the father and of the persons with whom the child was placed, the Department's plans for the child, the father's inability to provide a safe home for the child, the father's use of methamphetamine, the father's history of alcohol and drug abuse, the deplorable conditions of the father's home, the father's failure to comply with his court-ordered services, and the father's criminal history.

The trial court could reasonably have formed a firm belief or conviction, based on clear and convincing evidence presented at trial and the *Holley* factors, that termination of the father's parental rights would be in A.M.J.'s best interest. *See Holley*, 544 S.W.2d at 371–72. Therefore, we hold that the evidence is legally and factually sufficient to support the finding that termination of the father's parental rights is in the child's best interest. *See id.* We overrule the father's second issue.

In his first issue, the father presents an evidentiary complaint. The inclusion and exclusion of evidence is a matter committed to the sound discretion of the trial court. *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *E.I. du Pont de Nemours Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). An error in the admission of evidence requires reversal only if it probably caused the rendition of an improper judgment. *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004); *see* TEX. R. APP. P. 44.1(a)(1).

The father contends that the trial court erred when it overruled his hearsay objection and permitted the conservatorship caseworker to testify about the father's criminal history. *See* TEX. R. EVID. 801 (hearsay). Prior to the caseworker's testimony, the father had testified about his own criminal history, acknowledging that he was currently in jail on a forgery charge and that he had been convicted once for the possession of a controlled substance and more than once for driving while intoxicated. The father denied that he had been arrested for burglary.

The caseworker subsequently testified that she had run the father's criminal history at the onset of the case. When the caseworker was asked about the particulars of the father's criminal history, the father objected on the basis of hearsay and noted the absence of a certified copy of any judgment of conviction. The trial court overruled the father's objection, and the caseworker testified that the father's criminal history included convictions for burglary of a habitation, burglary of a vehicle, and illegal possession of a weapon.

While we agree that the caseworker's testimony constituted hearsay, we note that an exhibit had already been admitted at trial that contained the same information about which the father objected. Prior to any testimony at the trial, the Department offered several exhibits into evidence. All were admitted without objection, including Exhibit No. 7. Exhibit No. 7, the father's psychological evaluation, contained the following statement: "[The father] has an extensive criminal history dating from 1996 to 2015 including burglary, riot participation, drug possession, unlawful carrying of a weapon, and numerous drunk driving charges." Because the psychological evaluation had already been admitted into evidence without objection, the complained-of testimony was cumulative evidence, and any error related to its admission was harmless. *See State Office of Risk Mgmt. v. Allen*, 247 S.W.3d 797, 800 (Tex. App.—Dallas 2008, no pet.). We overrule the father's first issue.

6

We affirm the trial court's order of termination.

JIM R. WRIGHT

SENIOR CHIEF JUSTICE

August 1, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.