**Opinion issued August 7, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00173-CV

———————————

## IN THE INTEREST OF A. T. O. JR., A CHILD

---

### On Appeal from the 313th District Court
### Harris County, Texas
### Trial Court Case No. 2017-01254J

---

### MEMORANDUM OPINION

The trial court terminated the parental rights of B.L.T. (Mother) to her child, A.T.O. Jr. (referred to as "Adam"). Mother contends that the trial court abused its discretion in admitting her own affidavit in which she voluntarily relinquished her parental rights. Mother herself offered the affidavit into evidence, and it was admitted without objection. She argues that the "district court judge properly could

have reconsidered the admission of the waiver and proceeded to trial on the merits but chose not to thereby abusing his discretion."

As support for her argument, Mother cites to a statute that limits the grounds on which a parent can challenge the termination of parental rights if the parent signs an affidavit of voluntary relinquishment. *See* TEX. FAM. CODE § 161.211(c) (providing that, when termination order is based on unrevoked affidavit relinquishing parental rights, appeal is limited to issues related to fraud, duress, or coercion in execution of parent's affidavit). She contends that the statute should not limit her ability to argue that the trial court abused its discretion in admitting her affidavit and that, if the statute does preclude review of her evidentiary issue, it is unconstitutional. We need not decide whether Section 161.211(c) would foreclose review of Mother's evidentiary challenge or whether such preclusion would be unconstitutional because there is no evidentiary ruling that has been preserved for review on appeal.

A party may claim error in a ruling to admit evidence only if, among other things, the complaining party "on the record . . . timely objects or moves to strike" the evidence and "states the specific ground" for objection "unless it was apparent from the context." TEX. R. EVID. 103(a)(1). To preserve error for appellate review, the complaining party must timely and specifically object to the evidence and obtain a ruling. TEX. R. APP. P. 33.1(a). "Error is waived if the complaining party

2

allows the evidence to be introduced without objection." *Bay Area Healthcare Grp. Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007). "This rule 'conserves judicial resources by giving trial courts an opportunity to correct an error before an appeal proceeds,' promotes 'fairness among litigants' by prohibiting them from surprising their opponents on appeal, and furthers 'the goal of accuracy in judicial decision-making' by allowing the parties to 'develop and refine their arguments' and allowing the trial court to 'analyze the questions at issue.'" *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 510 (Tex. 2018) (quoting *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003)).

It is undisputed that Mother signed an affidavit of voluntary relinquishment of her parental rights to Adam. The affidavit included all statutorily required recitations, including a list of rights she relinquished and a statement concerning the finality of her decision to relinquish those rights.[1] *See* TEX. FAM. CODE § 161.001(b)(1)(k) (providing for termination of parent-child relationship if court finds by clear and convincing evidence that parent has executed unrevoked or irrevocable affidavit relinquishing parental rights).

---

[1] For example, immediately above Mother's initials on the fourth page of the affidavit is the following paragraph, which, in its original form, has "all caps" formatting:

> I declare that this affidavit for voluntary relinquishment of parental rights is and shall be final, permanent, and irrevocable. I fully understand that, if I change my mind at any time, I can never force the agency to destroy, revoke, rescind, or return this affidavit and that I cannot take back or undo this affidavit in any way.

Mother initialed every page of the affidavit, signed the last page, and had the document witnessed by two individuals and notarized. At the proceeding to terminate Mother's parental rights to Adam, Mother requested that the trial court admit her affidavit into evidence. There were no objections, and the trial court admitted her affidavit into evidence.

At no time during trial, after trial but before entry of judgment, or after entry of judgment, did Mother object to this evidence, move the trial court to reconsider its ruling, or seek a new trial. Nor has she argued that any exception applies that would relieve her of her obligation to preserve error through a timely objection and ruling. Accordingly, Mother has not preserved for appeal an issue on which to challenge the trial court's discretion in admitting her evidence, regardless if Section 161.211(c) would permit it. TEX. R. APP. P. 33.1. We overrule Mother's two issues.

## Conclusion

We affirm.


Harvey Brown
Justice

Panel consists of Justices Higley, Brown, and Caughey.

4