

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00411-CV

**IN THE INTEREST OF E.M.O.**, a Child

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2020-PA-00818
Honorable Linda A. Rodriguez, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: December 28, 2022

AFFIRMED

In this suit affecting the parent-child relationship, after a trial on the merits, the trial court appointed Mom as permanent managing conservator and Dad as possessory conservator of their child E.M.O.[1]

Against Mom's wishes, the trial court also granted Dad unsupervised visits with E.M.O. Mom appeals. She argues that the trial court ignored the terms of a 2014 settlement agreement, it failed to terminate Dad's parental rights, and it made erroneous evidentiary rulings.

We overrule each of Mom's issues, and we affirm the trial court's order.

---

[1] We use aliases to protect the children's identities. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8.

**BACKGROUND**

E.M.O. was born to Mom and Dad in July 2010. Sometime thereafter, Mom and Dad stopped living together, and E.M.O. stayed with Mom.

## A.    Dad's Conservatorship Suit

Dad wanted more time with E.M.O. He filed a motion to modify conservatorship, and Mom and Dad eventually reached a settlement agreement. The agreement allowed Dad to have supervised visits with E.M.O., and the trial court signed an order approving the agreement. Nevertheless, for several years, Dad was not involved with E.M.O.

## B.    Department's Suit

In April 2020, the Department received a referral for domestic violence between Mom and her ex-boyfriend. E.M.O. was removed from Mom's home, and Mom, as the offending parent, was put on a service plan.

Dad was not an offending parent, but the Department created a service plan for him as well. Dad began therapy sessions with E.M.O., and Dad and E.M.O. started developing a good relationship.

After Mom worked her services, E.M.O. was returned to her care.

Given the parents' respective progress, the Department sought to close out the case. It asked the trial court to appoint Mom as permanent managing conservator, Dad as possessory conservator, and order that Dad have unsupervised visits with E.M.O. The trial court agreed, and it signed a final order on June 21, 2022. Mom appeals.

Before we address Mom's issues, we briefly recite the applicable evidentiary and appellate review standards.

**STANDARD OF REVIEW**

If the Department petitions to terminate a parent's rights to a child, the Department must prove by clear and convincing evidence that (1) the parent's acts or omissions met one or more of the grounds for involuntary termination listed in section 161.001(b)(1) of the Family Code and (2) terminating the parent's rights is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b); *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002).

"Conservatorship determinations, in contrast, are subject to review only for abuse of discretion, and may be reversed only if the decision is arbitrary and unreasonable." *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007); *accord In re J.J.R.S.*, 607 S.W.3d 400, 404 (Tex. App.—San Antonio 2020), *aff'd*, 627 S.W.3d 211 (Tex. 2021), *cert. denied sub nom. R.S.C. v. Tex. Dep't of Family & Protective Servs.*, 142 S. Ct. 1139 (2022).

"In a conservatorship determination, an order appointing a [parent as a possessory] conservator must meet only a preponderance-of-the-evidence standard." *In re J.J.R.S.*, 607 S.W.3d at 404 (citing TEX. FAM. CODE ANN. § 105.005); *see In re J.A.J.*, 243 S.W.3d at 616. "Although an appellant may raise sufficiency of the evidence issues, '[l]egal and factual insufficiency challenges are not independent grounds for asserting error in custody determinations, but [they] are relevant factors in assessing whether the trial court abused its discretion.'" *In re J.J.R.S.*, 607 S.W.3d at 404 (quoting *In re A.L.E.*, 279 S.W.3d 424, 427 (Tex. App.—Houston [14th Dist.] 2009, no pet.)).

"A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support its decision." *In re L.S.*, No. 04-20-00215-CV, 2020 WL 5899123, at *2 (Tex. App.—San Antonio Oct. 6, 2020, pet. denied) (mem. op.) (quoting *In re K.S.*, 492 S.W.3d 419, 426 (Tex. App.—Houston [14th Dist.] 2016, pet. denied)).

**RES JUDICATA, COLLATERAL ESTOPPEL**

In her first issue, Mom argues the matter of possessory rights had been litigated and decided in 2014. She contends that under the doctrines of res judicata and collateral estoppel, the trial court was bound by the settlement agreement reached between Mom and Dad that the trial court signed on October 30, 2014. She insists that because the October 30, 2014 order stated that the agreement was not subject to revocation, the trial court erred by granting Dad unsupervised visits with E.M.O.

The Department argues that the Family Code allows a trial court to modify a parent's rights when circumstances materially and substantially change, and the doctrines of res judicata and collateral estoppel are not applicable.

**A.     Applicable Law**

"Res judicata [or claim preclusion] precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) (citing *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992)). "A final judgment in a custody proceeding is res judicata of the best interests of a minor child *as to conditions then existing*." *Knowles v. Grimes*, 437 S.W.2d 816, 817 (Tex. 1969) (emphasis added); *accord In re C.Q.T.M.*, 25 S.W.3d 730, 735 (Tex. App.—Waco 2000, pet. denied).

Collateral estoppel, or issue preclusion, precludes relitigation of an issue when "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *In re USAA Gen. Indem. Co.*, 629 S.W.3d 878, 883 (Tex. 2021) (emphasis removed) (quoting *Sysco Food Servs. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994)).

But by statute, "[t]he trial court retains jurisdiction to modify a conservatorship order if it is in the child's best interest, and the parent's or child's circumstances have materially and

substantially changed since the order was rendered." *In re J.A.J.*, 243 S.W.3d at 617 (citing TEX. FAM. CODE ANN. §§ 156.001, .101); *accord In re J.J.R.S.*, 607 S.W.3d at 407.

## B.      Discussion

The record conclusively establishes that the trial court's June 21, 2022 order granted Dad unsupervised visits with E.M.O., which was greater access to E.M.O. than he had under the October 30, 2014 order.

But the trial court heard evidence that, in the intervening seven-plus years, the parents' and child's circumstances had materially and substantially changed. *See* TEX. FAM. CODE ANN. § 156.101; *In re J.A.J.*, 243 S.W.3d at 617. Thus, the trial court did not err by rejecting Mom's res judicata and collateral estoppel arguments. *See* TEX. FAM. CODE ANN. § 156.101; *In re J.A.J.*, 243 S.W.3d at 617; *In re J.J.R.S.*, 607 S.W.3d at 407.

We overrule Mom's first issue.

### BASES TO TERMINATE DAD'S PARENTAL RIGHTS

In her second issue, Mom argues the trial court should have terminated Dad's parental rights to E.M.O. on grounds (C), (E), and (O), and because it was in E.M.O.'s best interest.

The Department responds that it did not seek termination of Dad's parental rights, and it did not present any evidence that terminating Dad's parental rights was in E.M.O.'s best interest.

## A.      Applicable Law

In a suit to terminate a parent's rights to a child, the petitioner must prove by clear and convincing evidence that (1) the parent's acts or omissions met one or more of the grounds for involuntary termination listed in section 161.001(b)(1) of the Family Code and (2) terminating the parent's rights is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b); *In re J.F.C.*, 96 S.W.3d at 261. "But termination [of a parent's rights] can only be upheld on a ground that was

both pleaded by the party seeking termination and found by the trier of fact." *In re K.G.*, 350 S.W.3d 338, 345–46 (Tex. App.—Fort Worth 2011, pet. denied).

## B. Discussion

The record conclusively establishes that, at trial, the Department did not seek termination of Dad's parental rights, and the trial court did not find that Dad's conduct met any of the statutory grounds for termination. *See id.* at 345–46 (preventing parental rights termination unless termination was pled and a statutory ground found); *see also* TEX. FAM. CODE ANN. § 161.001(b)(1) (statutory grounds). To the contrary: the Department asked that Dad be appointed as a possessory conservator.

The record also conclusively establishes that the trial court found it was in E.M.O.'s best interest for Dad to be appointed as a possessory conservator with access as stated in the order. *See* TEX. FAM. CODE ANN. § 161.001(b)(2) (child's best interest); *In re J.F.C.*, 96 S.W.3d at 261 (requiring a best-interest-of-the-child finding to terminate a parent's rights). The Department's case worker, the child's therapists, and the child's ad litem testified that it would be beneficial to E.M.O. or in her best interest to continue her visits with Dad. And even Mom did not argue that Dad's rights should be terminated; she just asked that his visits with E.M.O. be supervised.

Mom's argument that Dad's parental rights should have been terminated fails for at least two reasons.

First, Mom did not ask the trial court to terminate Dad's parental rights, and she cannot complain on appeal that the trial court failed to grant her relief that she did not seek. *See* TEX. R. CIV. P. 301 ("The judgment of the court shall conform to the pleadings [and] the nature of the case proved . . . ."); *Guillory v. Dietrich*, 598 S.W.3d 284, 294 (Tex. App.—Dallas 2020, pet. denied); *In re K.G.*, 350 S.W.3d at 345–46.

Second, even assuming Mom had pled for such relief, the evidence supporting the trial court's finding—that appointing Dad as a possessory conservator with unsupervised visits with E.M.O. was in her best interest—was legally and factually sufficient. *See* TEX. FAM. CODE ANN. § 161.001(b); *In re J.F.C.*, 96 S.W.3d at 261; *In re K.G.*, 350 S.W.3d at 345–46.

Thus, the trial court did not abuse its discretion. *See In re J.A.J.*, 243 S.W.3d at 616; *In re J.J.R.S.*, 607 S.W.3d at 404. We overrule Mom's second issue.

**ALLEGED EVIDENTIARY ERRORS**

In her third issue, Mom repeats her res judicata and collateral estoppel arguments, which we have already rejected. She also argues that the trial court erred by (1) allowing Dad to appear via audio only and (2) excluding Dad's child support payment history.

The Department argues that Mom waived her complaint about Dad's appearance by only audio, and the trial court did not err in excluding the child support payment history report.

**A.      Dad's Appearance by Audio Only**

The trial was held by Zoom video conference: all the parties appeared virtually. Dad used his cellphone to participate in the trial, but he connected by audio only.

Initially, Mom's counsel objected to Dad testifying only through audio. Counsel complained that the audio-only connection was "restricting my ability to cross-examine [Dad] because he can't see anything, physically." The trial court asked Dad to try to activate his video. Meanwhile, trial proceeded with the examination of another witness. When it was time for Dad to testify, Dad stated he could not get his video to work.

To preserve her complaint for appellate review, Mom had to timely and specifically object to Dad testifying by audio only and get a ruling from the trial court before she examined Dad, but she did not. *See Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007) (citing TEX. R. APP. P. 33.1(a)); *Banks v. Columbia Hosp. at Med. City Dall. Subsidiary, L.P.*, 233

S.W.3d 64, 71 (Tex. App.—Dallas 2007, pet. denied). Instead, when Dad stated he couldn't get his video working, Mom's counsel remarked "[t]hat's very convenient," but counsel began examining Dad without further objection.

Mom waived her complaint by allowing Dad to testify without making a contemporaneous objection and obtaining a ruling. *See McShane*, 239 S.W.3d at 235; *Banks*, 233 S.W.3d at 71.

**B.        Child Support Payment History**

Mom proffered a printed report of Dad's child support payment history, but the Department and Dad objected to the report's authenticity and reliability. Mom insisted the report was accurate, but she did not provide a certified copy or takes other steps to authenticate the report. *See* TEX. R. EVID. 901(a) (document authentication); *Fleming v. Wilson*, 610 S.W.3d 18, 20 (Tex. 2020). The trial court sustained the objections and excluded the report.

"For the exclusion of evidence to constitute reversible error, the complaining party must show that (1) the trial court committed error and (2) the error probably caused the rendition of an improper judgment." *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009) (citing *McCraw v. Maris*, 828 S.W.2d 756, 757 (Tex. 1992)). But here, even if we assume the trial court erred by excluding the report, the trial court heard testimony that Dad was in arrears on his child support payments, and Mom does not show how the exclusion of the report probably caused the rendition of an improper judgment. *See Cent. Expressway Sign Assocs.*, 302 S.W.3d at 870.

We overrule Mom's third issue.

### CONCLUSION

For the reasons given above, we affirm the trial court's order.

Patricia O. Alvarez, Justice