

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00457-CV

_____

IN RE J.H., Relator

---

Original Proceeding
89th District Court of Wichita County, Texas
Trial Court No. 190,898-C

---

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Relator J.H. (Father) seeks mandamus relief from interlocutory orders entered by the trial court after Real Party in Interest N.B. (Mother) filed a petition to modify in their suit affecting the parent–child relationship (SAPCR).[1] We deny Father's petition in part and conditionally grant it in part.

## Background

Father and Mother were finally divorced on April 22, 2020.[2] Father and Mother were appointed joint managing conservators of their three minor children (collectively, the Children), but Mother had the exclusive right to designate the Children's primary residence (within certain specified counties). By prior agreement of the parties, Father's second period of extended summer possession for 2022 was to begin July 22, 2022. That day, Father drove to their agreed-upon pick-up/drop-off location in Wichita Falls to pick up the Children, but Mother did not come to the location or surrender possession of the Children to Father. Instead, she texted him that the Children would "not be coming" with him that day and would remain in her possession "until further notice."

Father filed a petition for a writ of habeas corpus commanding that the

---

[1]To protect the Children's identities, we identify Father and Mother by their initials only. *See* Tex. Fam. Code Ann. § 109.002(d).

[2]We will refer to that Agreed Final Decree of Divorce dated April 22, 2020, as the "Divorce Decree."

Children be brought before the court and surrendered to Father. On August 5, 2022, Mother filed a petition to modify the parent–child relationship. She attached to her petition affidavits from herself and her current husband alleging that, beginning on July 12, 2022, the Children had made statements alleging that Father made them take showers with him and that they did not like it or want to do that. According to Mother, all three Children also said that Father "goes skinny dipping with them" in his backyard pool. Mother and her husband arranged for the two older Children to see a counselor, Arthur J. Madden, who was previously unknown to Mother but had been seeing her current husband's children for many years. The trial court issued a temporary restraining order on August 5 and set a hearing for August 16, 2022. Meanwhile, Mother amended her petition, and Father moved to enforce the standard possession order from the Divorce Decree.

The trial court held an evidentiary hearing on August 24, 2022. Father, Mother, and Madden all testified at the hearing, as did a CPS investigator and one of the Children's teachers. Over Father's objections, Mother was allowed to introduce hearsay statements of the Children into evidence. On August 30, 2022, the trial court issued temporary orders appointing Mother as temporary sole managing conservator and Father as temporary possessory conservator. The trial court also restricted Father's contact with the Children to supervised visitation for two hours a week in person under the supervision of Charlotte Marsh, a licensed marriage and family therapist, at her office in Wichita Falls. The trial court ordered that this supervised

visitation schedule continue until Arthur Madden submits a report to the trial court and to all counsel indicating that further contact between Father and the Children is in the Children's best interest. The Children were ordered to continue receiving psychological treatment through Madden, and Madden was ordered to submit a report to the trial court—no later than six months after the date of the order—stating whether further contact between Father and the Children would be in the Children's best interest. The trial court also signed orders denying Father's petition for habeas corpus and denying his motion for enforcement.[3] It is from these orders that Father now seeks mandamus relief in this court.[4]

## Discussion

### I. Mandamus

Mandamus relief is an extraordinary remedy. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). The party seeking mandamus relief must show both that the trial court clearly abused its discretion and that the party has no adequate

---

[3]Father also attempted to appeal the trial court's order denying his motion for enforcement, but we dismissed the attempted appeal for want of jurisdiction. *In re H.H.*, No. 02-22-00370-CV, 2022 WL 17494595, at *1 (Tex. App.—Fort Worth Dec. 8, 2022, no pet. h.) (mem. op.).

[4]On November 22, 2022, after Father filed his petition for mandamus, the trial court granted Mother's subsequent application for a temporary restraining order and ordered that Father be temporarily restrained even from "[h]aving supervised access to or possession of the children under Charlotte Marsh's supervision until at such time a hearing may be held." On Father's motion, we stayed this temporary restraining order pending further order of this court.

remedy by appeal. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding).

A trial court abuses its discretion when a decision is arbitrary, unreasonable, and without reference to guiding principles. *Id.*; *see Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). We defer to a trial court's factual determinations that have evidentiary support, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). An error of law or an erroneous application of the law to the facts is always an abuse of discretion. *See In re Geomet Recycling LLC*, 578 S.W.3d 82, 91–92 (Tex. 2019) (orig. proceeding).

An appellate remedy's adequacy has no specific definition; "the term is 'a proxy for the careful balance of jurisprudential considerations'" that implicate both public and private interests, and "its meaning 'depends heavily on the circumstances presented.'" *Allstate Indem. Co.*, 622 S.W.3d at 883 (quoting *In re Prudential Ins. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding)); *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (quoting *Prudential*, 148 S.W.3d at 136); *see also In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding) ("Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review."). An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *Prudential*, 148 S.W.3d at 136.

## II. Hearsay

In his first issue, Father argues that the trial court abused its discretion by admitting in evidence prejudicial hearsay from the Children through Madden's notes and testimony. In his second issue, Father argues that the trial court abused its discretion by admitting in evidence prejudicial hearsay contained in a child's school activity and admitted through the testimony of the child's teacher.

"Hearsay" means a statement that (1) the declarant does not make while testifying at the current trial or hearing and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Tex. R. Evid. 801(d). Hearsay is not admissible unless a statute or other rules prescribed under statutory authority provide otherwise. Tex. R. Evid. 802. Once the opponent of hearsay evidence makes the proper objection, it becomes the proponent's burden to establish an applicable exception that would make the evidence admissible despite its hearsay character. *Taylor v. State*, 268 S.W.3d 571, 578–79 (Tex. Crim. App. 2008).

We overrule Father's first issue because Madden's notes were admissible under the business-records exception to the rule against hearsay. *See* Tex. R. Evid. 803(6). Madden testified that the notes were treatment records made at or near the time of the events recorded by, or from information transmitted by, a person with knowledge acting in the regular course of business and that it was the regular practice of his business to make records like these. *See* Tex. R. Evid. 803(6)(A), (B), (C), (D). Additionally, Father failed to demonstrate that the source of the information or the

method or circumstances of the records' preparation indicated a lack of trustworthiness. *See* Tex. R. Evid. 803(6)(E). To the extent that the records (and Madden's testimony) contained "hearsay within hearsay," as Father complains, the trial court was within its discretion to find that these statements were made for—and were reasonably pertinent to—medical diagnosis or treatment, described the declarants' past or present symptoms and their inception or general causes, and were therefore admissible under another exception to the rule against hearsay.[5] *See* Tex. R. Evid. 803(4). We have said that, in cases involving allegations of child sex abuse, "the injury is often as much psychological as it is physical in nature." *Ware v. State*, 62 S.W.3d 344, 351 (Tex. App.—Fort Worth 2001, pet. ref'd). We have also said that the Rule 803(4) exception is not limited to statements by patients, that the person making the statement must have an interest in proper diagnosis or treatment, and that parents normally possess this interest in the well-being of their children. *Id.* Therefore, even if the child declarants were relaying statements they had overheard from Mother, Mother's statements would still be admissible if made for medical diagnosis or

[5]Arguably, Father has not even preserved this point of error for our review because his objections at trial did not specifically point out which statements were inadmissible hearsay. *See* Tex. R. Evid. 103(a)(1); *Flores v. City of Liberty*, 318 S.W.3d 551, 560 (Tex. App.—Beaumont 2010, no pet.) (concluding that trial objection that exhibits contained "hearsay within hearsay" was not sufficiently specific to preserve error); *Gen. Motors Corp. v. Harper*, 61 S.W.3d 118, 126 (Tex. App.—Eastland 2001, pet. denied) ("When part of a document contains hearsay and part of it is admissible, the objection should point out the statements claimed to be hearsay and specifically object to those statements."). In an abundance of caution, we address the merits of Father's hearsay arguments here.

treatment. *See* Tex. R. Evid. 803(4); *Ware*, 62 S.W.3d at 351.

Father contends that there is no evidence showing that the Children understood, or even that someone ever attempted to explain, that being truthful to Madden was necessary for their counseling to be effective and that "the evidence unequivocally demonstrates the inapplicability of this hearsay exception given that the Children did not understand or discuss the importance of telling the truth for their 'treatment' with Madden to be successful." There is no requirement that a witness expressly state that the hearsay declarant recognized the need to be truthful in his statements for the medical treatment exception to apply. *Beheler v. State*, 3 S.W.3d 182, 188 (Tex. App.—Fort Worth 1999, pet. ref'd). "It is sufficient that the evidence reflects that the statements were made for the purpose of medical diagnosis and treatment." *Id.* at 189. Courts may infer from the record that the out-of-court declarant was aware that the statements were made for purposes of medical diagnosis or treatment and that proper diagnosis or treatment depended upon the veracity of such statements. *See Taylor v. State*, 263 S.W.3d 304, 313 (Tex. App.—Houston [1st Dist.] 2007), *aff'd*, 268 S.W.3d 571 (Tex. Crim. App. 2008); *see also Wilson v. State*, No. 12-18-00328-CR, 2019 WL 6358157, at *3 (Tex. App.—Tyler Nov. 27, 2019, no pet.) (mem. op., not designated for publication) (applying the Court of Criminal Appeals' decision in *Taylor* and our decision in *Beheler* and holding that trial court could have reasonably inferred from the record that victim was aware her statements were made for purpose of medical diagnosis or treatment and understood that proper

diagnosis depended on veracity of her statements); *Swofford v. State*, Nos. 12-14-00081-CR, 12-14-00082-CR, 2015 WL 7019762, at *4 (Tex. App.—Tyler Nov. 12, 2015, no pet.) (mem. op., not designated for publication) (same). We overrule Father's first issue.

As to his second issue, Father objected to the exhibit (the child's school project) but not to the teacher's testimony, which also revealed the hearsay at issue. Any error in admitting evidence is deemed harmless and is waived if the objecting party later permits the same or similar evidence to be introduced without objection. *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 235–36 (Tex. 2007); *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004). Because Father did not object when the hearsay in the objected-to exhibit came into evidence through the teacher's testimony, we will not grant him mandamus relief on this issue. *See id.*; *see also In re Am. Airlines, Inc.*, No. 02-22-00201-CV, 2022 WL 4131198, at *6 (Tex. App.—Fort Worth Sept. 12, 2022, orig. proceeding) ("Error-preservation rules apply to original proceedings."). Father's issue two is overruled.

### III. Preservation of Error

In his third issue, Father argues that the trial court abused its discretion by ordering Madden to perform the tasks of a child-custody evaluator without having to follow the standards and procedures applicable to a child-custody evaluator. Father points out that the Texas Family Code contains procedures and requirements for a child-custody evaluation, *see* Tex. Fam. Code Ann. §§ 107.101 107.103, 107.104,

107.107–.109, and argues that the trial court abused its discretion by failing to follow these provisions. But Father did not present this complaint to the trial court. Again, error-preservation rules apply to original proceedings. *Am. Airlines*, 2022 WL 4131198, at *6. A party's right to mandamus relief generally requires a predicate request for some action and a refusal of that request. *In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding) (per curiam). To preserve a complaint for our review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if not apparent from the request's, objection's, or motion's context. Tex. R. App. P. 33.1(a)(1)(A); *see also* Tex. R. Evid. 103(a)(1). An objection is considered timely if it is asserted when the potential error becomes apparent. *First Nat'l Collection Bureau, Inc. v. Walker*, 348 S.W.3d 329, 337 (Tex. App.—Dallas 2011, pet. denied); *Hoxie Implement Co. v. Baker*, 65 S.W.3d 140, 145 (Tex. App.—Amarillo 2001, pet. denied). If a party fails to do this, then error is not preserved. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). Because Father did not raise this issue in the trial court, we overrule it.[6]

### IV. Motion for Enforcement

---

[6]Although the trial court's temporary orders—including the orders that the Children continue to receive psychological treatment through Arthur Madden and that Madden submit a report within six months indicating whether further contact between Father and the Children is in the Children's best interest—were not made until August 30, six days after the last hearing, Father still could have filed a written objection or motion to reconsider in the trial court, making the same arguments he now makes in his petition, before petitioning this court for mandamus relief.

In his fourth issue, Father argues that the trial court erred by denying his motion for enforcement without a hearing. We will not grant Father mandamus relief on this issue because he has an adequate remedy at law. We grant the extraordinary relief of mandamus only when the trial court has clearly abused its discretion *and* "the relator lacks an adequate remedy at law." *In re D.L.*, 641 S.W.3d 873, 878 (Tex. App.—Fort Worth 2022, orig. proceeding). Here, we agree with Mother that Father's remedy is to reurge his motion with the trial court. Alternatively, this issue is moot because the order Father had sought to have enforced was modified by the trial court's temporary orders. *See In re Reardon*, 514 S.W.3d 919, 927 (Tex. App.—Fort Worth 2017, orig. proceeding) (recognizing that a new order modifying a prior SAPCR order replaces the prior order and renders it moot); *In re Wynn*, No. 06-05-00137-CV, 2005 WL 3487853, at *1 (Tex. App.—Texarkana Dec. 22, 2005, orig. proceeding) (mem. op.) ("As there is no longer an effective order to be modified or revised, [this] issue is moot."). We overrule Father's issue four. *See In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding) (stating that "mandamus will not issue when the law provides another plain, adequate, and complete remedy").

## V. Modification of Conservatorship

In his fifth issue, Father argues that the trial court abused its discretion by removing Father and Mother as joint managing conservators of the Children and appointing Father as temporary possessory conservator and Mother as temporary sole

11

managing conservator. Mother responds that the trial court did not abuse its discretion in temporarily modifying conservatorship based on its finding that Father has a history or pattern of child neglect or physical or sexual abuse against the Children. Mother directs our attention to Texas Family Code Section 153.004, which provides that a court "may not appoint joint managing conservators if credible evidence is presented of a history or pattern of past or present . . . physical or sexual abuse by one parent directed against . . . a child . . . ." Tex. Fam. Code Ann. § 153.004(b). But this statute is inapposite because the trial court *had already appointed* Father and Mother joint managing conservators in the Divorce Decree, and the issue of "whether to appoint a party as a sole or joint managing conservator," *Id.* § 153.004(a), was not before the trial court in the SAPCR modification. The change in conservatorship was not litigated at either hearing in the trial court below. Mother never requested that she be appointed temporary sole managing conservator or that Father be removed as a managing conservator and appointed temporary possessory conservator. Accordingly, we will conditionally grant Father mandamus relief on this issue.

### A. Abuse of Discretion

A trial court abuses its discretion when it gives temporary managing conservatorship of a child to a party (or parties) without a live pleading on file asking for managing conservatorship. *See In re Dukes*, No. 04-10-00257-CV, 2010 WL 1708251, at *2 (Tex. App.—San Antonio Apr. 28, 2010, orig. proceeding)

12

(mem. op.); *see also In re Russell*, 321 S.W.3d 846, 855 (Tex. App.—Fort Worth 2010, orig. proceeding [mand. denied]) ("A trial court abuses its discretion by awarding relief to a person who has not requested such relief in a live pleading."). Because there was no live pleading on file asking that the parents' joint managing conservatorship of the Children, as ordered in the Divorce Decree,[7] be changed or altered, the trial court clearly abused its discretion in modifying the managing-conservatorship rights of Father and Mother.

**B. Inadequate Remedy by Appeal**

Mandamus relief is appropriate when challenging temporary orders. *See In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding) (grandparent access). A temporary order rendered in a SAPCR is not subject to interlocutory appeal, but a party may seek review of the trial court's temporary order by petition for writ of mandamus. Tex. Fam. Code Ann. § 109.001(b-5)(1), (c). Thus, Father has met his burden to show that the trial court clearly abused its discretion and that he has no adequate remedy by appeal on this issue. We sustain Father's fifth issue.

**Conclusion**

We hold that the trial court abused its discretion by modifying the managing-conservatorship rights of Father and Mother when there was no live pleading on file

---

[7]In both her original and amended petitions to modify, Mother did request that the trial court appoint her "the temporary conservator who has the right to designate the primary residence of the children," but this was a right she already had under the Divorce Decree.

requesting such relief and that Father has no adequate remedy on that issue by appeal. We conditionally grant Father's petition and direct the trial court to vacate that part of its August 30, 2022 order appointing Mother as temporary sole managing conservator and Father as temporary possessory conservator, as well as any other language in the temporary orders modifying the managing-conservatorship rights of Father and Mother from their joint-managing-conservatorship rights as ordered in the Divorce Decree. Because we are confident that the trial court will comply with these directives, the writ will issue only if the trial court fails to do so.

Our temporary order of November 23, 2022, staying the trial court's temporary restraining order of November 22, 2022, remains in place for fifteen days after the date of this opinion, after which it will expire automatically without further order unless either party files a timely motion for rehearing. *See* Tex. R. App. P. 52.9. If either party files a timely motion for rehearing, then our temporary order will remain in place until further order of this court.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: January 19, 2023

14